JOSEPH BAUM & CO. v. GEORGE S. COVERT.

1. WRITTEN CONTRACT. *Nullified by verbal agreement. Specifications for building. Extra work.*

   Though a written contract for the erection of a building detail minutely the specifications of the work to be done and stipulate that no extra work of any kind will be allowed or paid for, unless authorized by an agreement in writing previously made, it may be nullified by a subsequent verbal agreement of the parties; so that if the party contracting for the building orders the contractor to do extra work, outside of and additional to that covered by the written contract, and it is accordingly done, the former must pay for the same what it is reasonably worth if no price was agreed upon.

2. SAME. *Erection of building thereunder. Acceptance with extra additions. Effect.*

   The fact that the building constructed under such contract has been accepted with additions thereto, extra and outside of the contract, does not make the owner liable for the price or worth of the same if the contractor was not authorized to make them.

3. SAME. *Stipulation as to architect of building. Effect.*

   A stipulation in such contract that the building shall be erected under the supervision of an architect, and that orders for extra work, after being signed

62 MISS.—8

by the owner of the building must be countersigned by the architect, does not authorize the architect to order such work done independently of the owner, and, of course, his ratification, verbal or written, of the performance of extra work done by the contractor does not bind the owner to pay for the same.

4. WRITTEN CONTRACT.   *As evidence in suit for price of extra work.*
   In an action by such contractor to recover the price and value of extra work, the written contract may be used by either party as evidence to show that the work in question was or was not embraced in the terms of the contract or covered by the contract price.   But for every other purpose such contract is immaterial and inadmissible in evidence.

5. MECHANIC'S LIEN.   *For construction of gas fixtures.*
   A mechanic's lien arises, under our statute, for the price of material furnished and value of labor bestowed in putting up gas fixtures attached to a building and to be used therein.

6. SAME.   *As to tables used as store-counters.*
   But tables not attached to a building, though used therein for store-counters, and which may be as well used elsewhere or for other purposes, are not of those things for the construction of which the statute gives the mechanic a lien.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

The nature of this action, the effect of the evidence adduced, and the result of the trial are sufficiently indicated in the opinion of the court.

The instructions given for the plaintiff, excepted to by the defendants, assigned for error here and passed upon by this court, are as follows :

" 1. The court instructs the jury in behalf of the plaintiff, that if they believe from the evidence that the plaintiff, under contract for that purpose, furnished the material and did the work for which he sues at the request of the defendant or under the instruction of the architect, then they will find for the plaintiff the amount of the value of such work and material estimated at reasonable prices under the proof.

" 2. If it appears from the contract that Baum & Co. have re-

ceived the work, material, and labor of plaintiff under a contract for the same, the defendants are bound by law to pay a reasonable price therefor.

" 3. The defendant having pleaded and proved that Zucker (the architect) was to superintend the erection of the building and see that the contract and plans were complied with, and that no payment was to be made by the defendants except upon the certificate of said Zucker, and the defendant having introduced in evidence the certificate of Zucker as to this extra work, the defendants are bound by such certificate so far as the same is authorized by and in conformity to the building contract.

" 4. If plaintiff agreed to build a house of certain dimensions at a certain price, on a certain old foundation, and it turned out that the foundations were larger than the house agreed to be built, and that the plaintiff at the request of the defendants or their architect built a house larger than that contracted for, so as to make the same conform to the old foundation, then plaintiff was and is entitled to pay for such additional work *pro rata.*

" 7. If the defendants employed Zucker as the architect and superintendent of the building, and Zucker had control of the work and authority to order how it should be done, the defendants are bound by the actions of said Zucker in respect to said work, so far as Zucker was authorized to bind them in the building contract.

" 8. The defendants having introduced the certificate of Zucker, it is to be considered as testimony adduced by them, and by the introduction of the same they are to be considered as indorsing the same as worthy of credit."

*Whitaker & Bell,* for the appellants.

Neither the gas fixtures nor the tables come within the meaning of the statute touching the enforcement of the mechanic's lien. Code 1880, § 1378.

The first instruction given for Covert, the plaintiff below, was clearly erroneous.

The court gives the jury to understand by the first of this instruction that it was immaterial whether the work was done and materials furnished under a written or verbal contract, whilst the

written building contract provided that it should be in writing, and the price therefor agreed to before the work was commenced.

Further, the court informs the jury by this first instruction that Zucker, the architect, had the authority to bind Baum & Co. by simply instructing Covert, the contractor, to do the *extra* work. All the authority Zucker had in the premises was derived from the written building contract, and no such authority by that contract is conferred.

Counsel for defendant in error seems to rely on that clause of the building contract which reads thus :

" Any deviation in this contract in the form, or an extra, or deduction of the work by the written order of the architect, or owners of the buildings and countersigned by the architect, shall not make void the other parts of this contract, but they shall have their full value."

No such authority is conferred by this clause, and is it not inconsistent with that clause of the contract where it provides that, " The price of extra work will have to be agreed upon before starting with the same "?

Neither is that clause of the contract relied upon by opposite counsel inconsistent with that clause of the contract under the head of " General Stipulations," where it says : " No *extra* work will be allowed unless previously agreed upon, and such agreement entered into in writing."

We think second instruction given plaintiff below also erroneous for the reason that it was calculated to mislead the jury, and because it was not applicable to the evidence.

It nowhere *appears* from the contract that Baum & Co. had received the work, hence the instruction was inapplicable and not pertinent—besides, it leaves construction of contract to jury.  2 S. & M. 388 ; 10 S. & M. 507 ; 13 S. & M. 532; 39 Miss. 147 ; 4 Cush. 468 ; 34 Miss. 116 ; 39 Miss. 335; 30 Miss. 606 ; 38 Miss. 280 ; 42 Miss. 607 ; 46 Miss. 274 ; 48 Miss. 451 ; 55 Miss. 414 ; 55 Miss. 403 ; 55 Miss. 623 ; 52 Miss. 499–500 ; 52 Miss. 149, and 50 Miss. 360.

Further, the court assumed it to be a fact that it did so *appear*

from the contract.    This was error.  *Dunlap* v. *Hearne*, 37 Miss. 471 ; 35 Miss. 165 ; *Barker* v. *Justice*, 41 Miss. 240.

The third and seventh instructions for plaintiff below, Covert, are in our opinion manifestly erroneous in this, that they refer the construction of the written building contract *to the jury* to be settled by them.

It is the court that determines the construction of a contract. *Ala. Life Ins. Co.* v. *Herron*, 56 Miss. 643–648 ; *Fairly* v. *Fairly*, 38 Miss. 280; *Beasley* v. *Evans*, 35 Miss. (opinion) 196; 2 Parsons Cont. (3d ed.) p. 4, note 6 ; 1 Greenleaf on Evidence (8th ed.), p. 366, § 277.

The fourth instruction for plaintiff below is objectionable and erroneous.

1. Because the court assumes it to be a fact that the plaintiff below agreed to build a house of certain dimensions for a certain price on certain old foundations, and that it.turned out that the foundations were larger than the house to be built, etc.   The court should have submitted the matter to the jury, as it was a matter in regard to making the building larger to conform to the old foundations.   37 Miss. 471; 35·Miss. 165 ; 41 Miss. 240.

2. Because by said instruction the court informs the jury that if Zucker ordered the house to be enlarged it would bind Baum & Co.   The proper construction of the contract is, that Zucker had no such authority, and if Zucker possessed any authority in that particular at all, it could only have been exercised by a *written* order, and Covert testifies there was no written order.

As to the eighth instruction for plaintiff below we say:

The party calling a witness, even if he is sworn and examined, does not thereby indorse his credibility.  *Jarnigan* v. *Fleming*, 43 Miss. (opinion) 724; 1 Starkie on Evidence 159.

By the first instruction for Covert the court informs the jury that if the *extra* work was done under the *instructions* of Zucker, they would find for Covert (the plaintiff below), whilst in other instructions the court referred the matter of the construction of the contract to the jury, for them to ascertain what Zucker's authority was.   This was improper, and left the jury without any safe guide.

40 Miss. 45; Ib. 374; 41 Miss. 584; 13 S. & M. 39; 55 Miss. 476; 56 Miss. 269.

No counsel in this court for the appellee.

CHALMERS, J., delivered the opinion of the court.

Plaintiff below (Covert) contracted in writing to erect a large brick building in the city of Meridian for defendants, Baum & Co., for the sum of seventeen thousand five hundred dollars. The building was to be erected under the general supervision of an architect, and every specification was set forth with the minutest particularity. There was a special stipulation that no extras, or outside work of any kind, were to be allowed or paid for, unless the same was agreed upon beforehand in writing and the stipulations therefor signed by the architect, after being first signed by the owner. Notwithstanding this agreement was signed by the contractor, by the owners of the building, and by the architect, the contractor, having finished the house, has propounded a claim, and obtained judgment with a mechanic's lien therefor, for the sum of several hundred dollars for extra or outside work, though admitting that no writing whatever was ever entered into by any person on the subject. He did this by proving before the jury that each item of extra or outside work was specially ordered by the owners, who gave him verbal commands therefor; that said owners witnessed the doing of the work, and have taken possession of and are now using it, and that it was reasonably worth the sums charged. The owners of the building denied all this, insisting that the orders, if given, were not only verbal, and therefore void, but that the work was done, if at all, without their authority, and in some instances without their knowledge or consent. The jury, however, believed the contractor and disbelieved the owners. So believing, their verdict was correct. Notwithstanding a previous agreement that there should be no extras or outside work, save upon an express agreement in writing previously made, it was entirely competent for the parties in interest to contract verbally for whatever they mutually thereafter desired. Both parties being *sui juris*, they could nullify their previous agree-

ment at pleasure. This they did whenever the one party ordered, and the other agreed to do whatever extra work they should mutually agree upon. They were the parties solely interested, and had the same right to undo verbally that which they had previously put in writing as they originally had to make such writing. "*Consensus facit jus;*" and if it be true, as the jury has found, that the one party ordered the additions which the other made, the owners of the building must pay for them, notwithstanding the written stipulations to the contrary. Such stipulations, though written, may be altered or rescinded by parol, and it may be inferred sometimes that this has been done, from the acts of the parties. *Rhodes* v. *Thomas*, 2 Carter, Ind. 638; *Smith* v. *Sugerty*, 4 Barb. 614. Had the jury, therefore, been properly instructed, their verdict in the main must have been affirmed, but the case was manifestly tried upon the wrong basis. It seems to have turned much more upon the construction of the original building contract than upon a *quantum meruit* as to the extra work sued for.

The building contract was introduced in evidence and great stress laid by each party upon its terms—not for the purpose of showing that the extra work sued for was without or within those terms, but for the purpose of demonstrating that it had or had not been constructed in the mode therein described, that there had or had not been a precedent writing agreed upon, or that, by the terms of the contract, such precedent writing could be supplied by a verbal contract with the architect, or even by a subsequent indorsement and ratification by him. The jury were told, too, that the reception of the house with the extra additions annexed thereto imposed a legal liability upon its owners to pay the reasonable value thereof. The court was evidently forgetful of the fact that the owners had already paid for the house and had a right to use it, which the contractor had no right to deprive them of by affixing unauthorized additions thereto which they had incurred no liability to pay for by a mere reception of the structure itself. The jury were also told that defendants were bound as to the credibility of the architect by their production of his certificate as to the extra work, because, as was said, the written certificate of the work by the architect was equiv-

alent to a previous agreement. This was doubly erroneous, because the building contract does not make the architect's certificate the equivalent of a previous agreement, and because, this suit being for the recovery of the price for extra or outside work, the building contract had nothing to do with it. That contract could be appealed to by either party, but only by way of evidence for the purpose of showing that the things sued for were or were not embraced in the contract price. For all other purposes the written contract was inadmissible because wholly immaterial. The jury were informed that the owners of the building were liable for all work done by the special orders of the architect, under whose general supervision the building was erected, and who, by the terms of the written contract, had authority to control the work. By several of the instructions the jury were left to construe the contract for themselves.

It is enough to say of all such instructions on either side that they could only have tended to mislead and confuse the jury.

This suit was not for the recovery of the price of any work whatever authorized by the contract. It was expressly brought for those things which lay outside of and beyond it. The written contract, therefore, in no manner controls the rights of the parties except as showing what things were covered by the contract price. The writing was admissible for this purpose and for no other. Notwithstanding their stipulations to the contrary, the owners must pay a reasonable value for everything furnished by their order if it be clearly established to the satisfaction of the jury that such things were ordered by them. The burden of so proving is, of course, upon the plaintiff and must be clearly established by him. This burden is greatly increased by the written stipulation in advance; but if it be satisfactorily proved that the extra work was done in consequence of their orders, we know of no principle which forbids a recovery.

The court correctly ruled that the gas fixtures in the building attached to the freehold for the purpose of being used there were covered by the mechanic's lien.

It incorrectly ruled that the tables in the building used as counters were so covered. It is not shown that these tables were in any

manner attached to the house or were anything more than mere
ordinary tables, which could have been used in one place as well as
another. That they were intended or afterward actually used as
counters is not enough. For aught that appears, they could as well
have been used anywhere else or for any other purpose.

*Reversed and remanded.*