## J. I. MULHOLLAND ET AL. *v.* THE THOMSON-HOUSTON ELECTRIC CO.

1. STEAMBOAT. *Mechanic's lien. Electric light. Jurisdiction of circuit court.*

   A plant for generating electric light on a steamboat is " material furnished about the erection and construction, alteration or repairs " of the boat within the meaning of ¿ 1378, code 1880, in relation to the lien of mechanics; and the circuit court has jurisdiction under this statute to enfore a lien on a boat for material so furnished and attached to it as a part of the boat.

2. INSTRUCTIONS. *Contract price. Quantum valebat. Immaterial error.*

   Where a contract is made for the sale of certain articles at a fixed sum, and a portion of the articles are delivered, the seller, though failing to deliver the others, is entitled to recover on a *quantum valebat* for the articles so delivered, if retained and used by the buyer; and a verdict for the reasonable value of such articles will not be disturbed, even if there are improper instructions for the plaintiff as to the contract price.

FROM the circuit court of Warren county.

HON. RALPH NORTH, Judge.

Appellee, The Thomson-Houston Electric Co., brought this suit in the court below under § 1378, code 1880, to enforce a lien on the " Lake Washington," a steamboat owned by the appellants, for the price or value of an electric plant purchased for and placed on the boat for the purpose of making light therefor.

A contract in writing was made by the agent of the company to. furnish to appellants for the use of their boat the plant, including an incandescent outfit for lighting the cabin thereof. The plant was delivered but without the incandescent part, and this, it seems, the company could not adjust to the machinery that was furnished. The original contract was made January 8, 1886, and appellee claims that it was afterward verbally rescinded in so far as it related to the incandescent part, and that appellants accepted and finally agreed to pay for the plant, less a reasonable deduction for the incandescent light. Appellee brought suit December 23, 1886, for six hundred and seventy dollars, it being alleged that this was the amount due and unpaid, after deducting from the original contract price the value of that part of the outfit that was not delivered.

The petition alleged that the machinery, with the exception stated, was furnished for said boat and was all delivered to appellants by the first of September, 1886, and a lien was asked to be enforced against the boat, her tackle, apparel and furniture, for the amount claimed to be due. The defendants demurred to the petition on the ground, first, that it showed no lien on the boat; and, secondly, that the lien, if one existed, could not be enforced in the circuit court. The demurrer was overruled, and the defendants answered, admitting that they contracted with appellee, the electric company, to furnish their steamer the articles mentioned in the petition, but stating that the contract included also an engine for running the machinery at an agreed price for the whole of nine hundred and thirty-six dollars; that the order for the electric machinery was given to one Coen, the agent of appellee, together with a contemporaneous written order for a three-horse power Westinghouse engine, and that the said articles and the engine together were to constitute one electric outfit; that the sale and delivery of the entire outfit was contemplated as being in accordance with one contract between the parties, at the agreed price of nine hundred and thirty-six dollars, no part of which was to be paid until the entire contract was complied with on the part of the appellee; but that two hundred dollars had been paid on account. The answer denied that the contract was by verbal agreement rescinded or nullified in so far as it related to the incandescent light; denied that the outfit contracted for was delivered, or that appellants were furnished a satisfactory light according to contract; averred that the three-horse power engine and the incandescent machinery were not delivered, and that, by reason of the default of the appellee, defendants had been damaged and hindered in the navigation of their boat, and that they had lost three thousand dollars thereby, and this was pleaded as a counter-claim.

Petitioner demurred to so much of the answer as set up the counter-claim. This demurrer was overruled.

On the trial the testimony for appellee tended to show that the contract was made for the delivery of the electric machinery, as alleged in the petition, and the contract was read, specifying the

articles, but naming no price; that it was verbally agreed that the price should be seven hundred and thirty-six dollars for the electric plant alone; that the order for the engine was a separate contract, made by Coen the day before; that appellee did not make or sell engines, and that Coen was not its agent for that purpose, but took this order for another company he represented, and that the two hundred dollars was paid him on account of the engine. The testimony tended further to sustain the allegations of the petition and to show that the electric machinery, without the incandescent light, was received by appellants and used on the boat; that certain changes and additions were made as requested by appellants, and that finally they agreed to pay for the same, but had failed to do so; that the articles furnished were first-class, gave a satisfactory light and were worth the price claimed, and were being used on the boat.

In respect to the quality of the plant, the contract contained this stipulation: "to be guaranteed by you to be the latest improved manufactured by your shop, and to give a satisfactory light."

The testimony for defendants conflicted in many respects with that of petitioner, and went to show the truth of the allegations in the answer. It tended to show that defendants dealt with Coen as the agent of appellee exclusively, and that they had no knowledge of his representing any other company; that Mulholland, one of the appellants, signed the contracts without careful examination, supposing, on Coen's statement, that they were true copies of pencil orders previously written, showing a different contract from the one in suit; that the engine was part of the agreed outfit; that instead of a three-horse power engine, Coen had sent a seven-horse power engine, and this was not suited to running the machinery; that the engine and machinery came in the same car, but without the incandescents; that appellants placed the same on their boats, waiving nothing; that they were especially desirous of lighting the cabin of the boat with the incandescent lights; that they made frequent demands for the incandescent fixtures and the proper engine; that, owing to the excessive power of the engine and defects in the machinery that was furnished, the boat had often

been without light, and defendants had been troubled and delayed; and they offered to prove that they had been damaged in this way and the amount of the damages, but, on objection, this evidence was excluded. The evidence for defendants further tended to show that in July, 1886, when Coen visited Vicksburg he was informed by Mulholland that unless matters were arranged, the plant could be taken off the boat; that thereupon it was agreed that Coen should replace the engine with the one ordered, and that appellants would give up the incandescents and that they were to be allowed a fair price for the same; that this agreement had never been carried out, and that thus matters stood when appellee brought suit. Appellee claimed that the incandescent fixtures were worth only about thirty dollars, while the testimony for appellants tended to show that they were worth at least ninety dollars, and constituted a special inducement for making the contract for an outfit for lights.

From this statement it will be seen that various questions of fact were controverted by the parties.

The court instructed the jury to find for the plaintiff, the amount of the recovery to be based on the contract price of the plant, or the reasonable value, as the jury might determine from the evidence.

Defendants asked several instructions, but they were all refused, except the following, which was given in lieu of a charge that they asked:

"Before the jury can find for the plaintiff for the value of the light agreed upon by the contract, they must be satisfied by a preponderance of the evidence that the electric light furnished defendants was a satisfactory light, as defined in plaintiff's fourth instruction. It is not incumbent upon the defendants to prove the light unsatisfactory. The burden of proof is upon the plaintiff."

Plaintiff's fourth instruction here alluded to is as follows:

"A satisfactory light, within the meaning of the written order read in evidence, is one which is in all respects sufficient for the purposes for which it was to be used."

In the eleventh charge for plaintiff, the jury was instructed that, if a part of the articles contracted for were received and used by defendants, and they were worth something, though less in amount

than the agreed price, the plaintiff was entitled to a verdict for such sum as the evidence showed the plant to be " fairly and reasonably worth."

The jury returned a verdict in favor of plaintiff for six hundred dollars, and judgment was entered accordingly, a special execution being awarded for the sale of the boat to satisfy the same.

Motion for a new trial being overruled, defendants appealed.

*Lea & McKee,* for appellants.

1. The demurrer to the petition should have been sustained. The boat had already been constructed when the articles were furnished. There was no alteration, and it was not out of repair. To sustain the jurisdiction of the circuit court to condemn the boat in this case, would be to establish the right of every supply or material man to go into that tribunal, a court of law, to enforce a lien. How far such a construction would impinge upon the exclusive jurisdiction of the United States court in admiralty it is needless to discuss. Unquestionably " alteration" and " repairs" in § 1378 of the code refer to *structural* changes or repairs.

The lien claimed by appellee is found in § 1395 of the code, which relates to " furnishing and supplying," and not to the *alteration* and *repair* of a steam boat. The case falling within the provisions of § 1395 and not § 1378, the remedy was in the chancery court, as held in *Archibald* v. *Citizens' Bank,* 64 Miss. 523.

If the circuit court was without jurisdiction, of course, the judgment will be reversed. *Hussey* v. *Hassam,* 45 Miss. 133.

2. The case of *Carver Gin Co.* v. *Gaddy,* 62 Miss. 201, is easily distinguishable. In that case there was a performance by the vendor, and the purchaser claimed for a breach of warranty. Here the articles themselves that were bargained for have not been delivered ; pay day had not come.

(Counsel here discussed at length the instructions in connection with the evidence, contending that the court had erred, particularly in withdrawing issues of fact from the jury. Inasmuch, however, as this court does not pass upon any of the instructions, but simply holds that the result reached in the court below was right, the verdict being for the reasonable value of the plant and not for the

contract price, the objections to the instructions are not set out.)

*Dabney, McCabe & Anderson,* for appellee.

1. The demurrer was properly overruled. The plant was the subject of a mechanic's lien. It was fixed in position on the boat and became its only system of lights. A boat without lights is no boat. Section 1378 of the code settles the question ; but we refer to the following authorities in support of the lien : 43 Miss. 101, 196 ; 126 Mass. 148 ; 64 Iowa 539 ; 39 Conn. 362 ; 1 W. Va. 249 ; 93 N. Y. 539 ; 22 Pa. St. 489 ; 115 Pa. St. 573 ; 10 Lea (Tenn.) 523 ; 21 Am. R. 79 ; *Baum* v. *Covert,* 62 Miss. 113.

2. Appellants kept and used the plant and made no offer to return the same. If it was not worth the contract price, it was nevertheless still worth something, and the jury only required them to pay the *reasonable value ;* this cures every possible error in the record. The verdict is right, and it is immaterial whether or not the action of the court was correct in passing upon the instructions. The jury was left free to say whether appellants should pay the contract price, or the reasonable value. On this point we refer to *Carver Gin Co.* v. *Gaddy,* 62 Miss. 201.

We repeat, that every possible error in the admission or rejection of evidence, or in giving and refusing instructions, is cured by the verdict of the jury. By it appellants got all they asked for, and more than they were entitled to.

COOPER, J., delivered the opinion of the court.

The plant furnished by the appellees for the creation and distribution of electric lights, is " material furnished about the erection and construction, alteration or repairs" of the boat " Lake Washington," within the meaning of § 1378, of the code of 1880.

Lights are essential to the business in which the boat engages, and the articles supplied were intended as a permanent part of the boat, and are attached to it and part of it.

The case was fairly submitted to the jury, and the verdict being

manifestly for the value of the plant and not for the contract price, it should not be disturbed, even if there be errors touching the right of the plaintiff to recover on the contract.

*The judgment is affirmed.*