## GEORGE CHRISTLER v. ORSON E. LOCKE.

*Summary proceedings—Restitution—Issuance of writ.*

Under a circuit court judgment for restitution in summary proceedings to recover the possession of land, a writ of restitution may be issued by the clerk in vacation as well as in term.

Error to Kent. (Adsit, J.) Argued November 21, 1894. Decided December 18, 1894.

Trespass. Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*Henry J. Felker*, for appellant.

GRANT, J. The defendant was the mortgagee of a mort-

gage upon the lands described in the declaration in this case. The land was owned by one Gates, who was also the mortgagor. Plaintiff was lessee under Gates. Default having been made in the mortgage, it was foreclosed by advertisement. The time of redemption expired without payment, and the sheriff's deed became absolute. Locke thereupon instituted proceedings to recover possession under How. Stat. § 8295. Gates and Christler were both made defendants. The case was tried before the commissioner by a jury, and verdict and judgment rendered for Mr. Locke. Gates and Christler appealed the case to the circuit court, where it was again tried with a jury, and Mr. Locke again recovered. Execution upon this judgment was twice stayed by the order of the circuit court in order to give them time to settle a bill of exceptions, and bring the case to this Ccurt by a writ of error. The stay expired January 18, and on the following day Mr. Locke took out an execution, being in form a writ of restitution, and placed it in the hands of the sheriff, who executed it as he was therein commanded, by removing Mr. Christler and placing Mr. Locke in possession. Mr. Christler thereupon instituted this suit to recover damages for a wrongful eviction, and recovered judgment.

The court directed a verdict for the plaintiff, upon the ground that the issuance of the writ by the clerk in vacation time was void, and afforded, therefore, no legal justification to the sheriff or the defendant. In this the court was in error. It is, and always has been, the common practice to issue executions in vacation upon the request of the prevailing party or his attorney. Upon the expiration of the time limited by law for the stay of an execution, it may be issued as a matter of course. Circuit Court Rule No. 13; Herm. Ex'ns, § 75; *Carpenter v. Vanscoten,* 20 Ind. 50; *Little v. Cook,* 1 Aiken, 363; *People v.*

*Clerk of Circuit Court*, 14 Mich. 169. We are not favored with the brief on the part of the appellee, nor does the charge of the court state the reason for the holding. How. Stat. § 8309, provides that, if the complainant shall recover judgment in the circuit court, that court may issue a writ of possession. Judgment under this statute stands upon the same basis as other judgments rendered upon appeal or upon suits commenced in the circuit court. Chapter 286, How. Stat., provides a summary remedy to recover possession of lands. In some counties six months elapse between terms of court. Under certain provisions of the statute, no writ can issue within five days after final judgment. Under the plaintiff's construction of the law, many cases might arise wherein execution could not issue in from four to six months. The judgment entered upon the verdict provided that said Locke have restitution of the premises, and that he recover his costs, and that he have execution therefor. We think this judgment authorized the issuance of the writ of restitution as well as the writ of *fieri facias* for costs, and in this view there was a direct authority for the issuance of the writ in vacation as well as in term.

The judgment must be reversed, and no new trial ordered, with the costs of both courts.

The other Justices concurred.