## DAWSON v. CHIPPEWA CIRCUIT JUDGE.

1. EJECTMENT—WRIT OF POSSESSION—NOTICE.
   A writ of possession in ejectment may issue without notice to defendant.

2. SAME—TAXATION OF COSTS.
   And it is not necessary that costs be first taxed; 3 Comp. Laws, § 11201, providing that one entitled to such writ may include therein an execution for costs, being permissive only, and implying the right to elect to take separate writs.

3. SAME—NEW TRIAL.
   The fact that defendant has a statutory right to a new trial does not militate against plaintiff's right to the writ, since 3 Comp. Laws, § 10986, recognizes the fact that plaintiff may lawfully have obtained possession before a motion for a new trial, and provides that he may retain possession pending such trial.

*Mandamus* by Carrie A. Dawson to compel Joseph H. Steere, circuit judge of Chippewa county, to vacate an order recalling a writ of possession. Submitted April 16, 901. Writ granted July 2, 1901.

*E. S. B. Sutton* and *John W. Shine*, for relator.

*George A. Cady* (*John H. Goff*, of counsel), for respondent.

PER CURIAM. This is an application for *mandamus* requiring respondent to vacate an order recalling a writ of possession. The writ was issued in an action of ejectment upon a judgment for plaintiff affirmed in this court (*Dawson* v. *Falls City Boat Club*, 125 Mich. 433, 84 N. W. 618), and after *remittitur* filed in the circuit. Two reasons are urged why the writ of possession should not have been issued: *First*, that no notice of an application for the writ was filed; and, *second*, that costs had not yet been taxed.

The writ was issuable without notice and as of course, and might be issued in vacation as well as term time. *Christler* v. *Locke,* 103 Mich. 86 ( 61 N. W. 263 ).

Nor was it necessary to wait for taxation of costs before issuing the writ. Section 11201, 3 Comp. Laws, providing that one entitled to a writ of possession may include in the same writ an execution against the property, is permissive, and implies the right to elect to take separate writs.

The fact that in ejectment the defendant has a statutory right to a new trial does not militate against plaintiff's right to a writ of possession. 3 Comp. Laws, § 10986, recognizes the fact that plaintiff may lawfully have obtained possession before a motion for a new trial, and provides that he may retain such possession pending a new trial.

The writ will issue.