THE PHILLIPS-MICHIGAN CO. v. FIELD BODY CORPORATION.

1. CHATTEL MORTGAGES—RESERVATION OF TITLE WITH RIGHT OF ACTION FOR DEBT—CONDITIONAL CONTRACTS.

   A contract for the sale of a sprinkling plant in a factory, purporting to reserve title and giving an inconsistent right of action to recover the debt without passing title is construed as an absolute sale with reservation of a lien by way of security.

2. MECHANICS' LIENS — CUMULATIVE REMEDY — RESERVATION OF TITLE AS SECURITY.

   Reservation of title by way of security in a contract for the sale of a sprinkling plant is not inconsistent with the statutory remedy of a mechanic's lien under 3 Comp. Laws 1915, § 14796, which is a cumulative remedy and may be pursued in connection with ordinary remedies.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 11, 1922.   (Docket No. 83.)   Decided December 5, 1922.

221—Mich.—2.

Bill by The Phillips-Michigan Company against the Field Body Corporation to foreclose a mechanic's lien. From an order dismissing the bill, plaintiff appeals. Reversed.

*J. T. & T. F. McAllister,* for plaintiff.

*Pulver & Bush,* for defendant.

CLARK, J. On motion the bill to foreclose a mechanic's lien was dismissed. Plaintiff has appealed. The bill alleges that under a written contract between the parties plaintiff equipped a certain factory building of defendant with a system of automatic fire sprinklers.

We quote from the contract:

"That the said system is not, and shall not, become a fixture, but shall be, and remain personal property, and the title and right of possession thereto, shall remain in the said Phillips-Michigan Company until fully paid for. Said second party expressly agrees that it acquires no title to such system until it has so paid in full therefor. * * *

"All deferred payments hereunder shall become due and payable forthwith in case of any default by second party. But the said first party, if it so elect, may at any time declare said system to be the property of the said second party and avail itself of any lien or supply law or other remedy."

The bill also alleges that the materials constituting the system so furnished have become a permanent part of the factory building and that they have greatly increased its value. It also alleges that plaintiff, under the paragraph of the contract last above quoted, "did so elect to declare said system to be the property of said defendant, and did avail itself of the right to and did file a statement of lien." * * * Counsel state the grounds of the motion to dismiss:

"* * * that inasmuch as the parties had con-

tracted expressly that the property should be and remain personal property and not become a fixture, that such property could not form the basis of a lien for the reason that all of the authorities are agreed that the basis of any lien upon the land is that the property becomes a part of the land, enhancing its value and, as some of the cases declare, is devoured by the land.  This was the basis upon which the circuit judge rendered his decision."

Counsel cite cases where the right of lien has been denied for materials or articles which were not used in the building and became no part of it.  We think these cases not in point.

The language of the bill respecting the right of lien is that plaintiff furnished "labor and material in and for altering and improving of said factory building," etc.  This is agreeable to the provision of section 14796, 3 Comp. Laws 1915.

The contract purports to reserve title of the materials in the plaintiff.  But it provides that promissory notes for the full purchase price shall be given, that upon default the whole amount shall become due, and

"That the acceptance of such notes or other notes or bills of exchange or other security for, or the taking of any acknowledgment of the claim, or the giving of time for payment thereof, filing or enforcing any lien, or the taking of any proceedings for recovery or the recovery of a judgment for the claim shall not merge, waive, pay, satisfy, prejudice or destroy the retention of or affect the title of the first party to such system nor any right reserved or applicable."

So the contract purports to reserve title and to give an inconsistent right of action to recover the debt without passing title.  The rule in such cases is that the intent of the parties was to make an absolute sale with reservation of a lien by way of security.  See *Young* v. *Phillips*, 203 Mich. 566; *Atkinson* v. *Japink*, 186 Mich. 335.

The holding in *Warner Elevator Manfg. Co.* v. *Loan*

*Ass'n,* 127 Mich. 323 (89 Am. St. Rep. 473), is decisive of the question presented.    Defendant's contention there, as here, was:

"The gist of the defendant's contention is that a mechanic's lien can only exist where work or materials have become a part of the realty.   It is said that this is not so when the title to personal property is reserved in the vendor; that in such a case the personal property does not, in law, become a part of the realty, although affixed to it."

It was held:

"But the authorities forbid the assumption that a reservation of title is inconsistent with the existence of a statutory lien, holding that there may be cumulative remedies, and consequently that absolute inseparability is not a condition to the existence of the statutory lien.    Phil. Mech. Liens, § 9, states that the lien is a cumulative remedy provided by statute, and an incidental accompaniment to the contract, which may be pursued in connection with ordinary remedies.    *Case Manfg. Co.* v. *Smith,* 40 Fed. 340 (5 L. R. A. 231), was a case where one reserving title set up a statutory lien.    It was held that the retention of the title was in the nature of a specific lien upon the identical machinery furnished, and not inconsistent with the statutory lien."

And see *Perkins* v. *The Golden Girl,* 185 Mich. 200.

The order dismissing the bill is set aside, with costs to appellant.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, and STEERE, JJ., concurred.   MOORE, J., did not sit.