EAST NEW YORK ELECTRIC COMPANY, Respondent, *v.*
PETMALAND REALTY COMPANY et al., Appellants,
Impleaded with Others.

Contract — conditional sale — lien — vendor's rights under
contract of conditional sale defined by its terms — regardless
of intent personal property ordinarily does not retain its
character when attached to real property so it cannot be
removed without its destruction or injury to building — no lien
upon real property in absence of stipulation in contract.

1. A vendor's rights under a contract of conditional sale are defined
by the terms thereof and intent, as evinced thereby, may control the
result which would ordinarily flow from the manner in which personal
property is attached to realty, subject ordinarily to the limitation
that, regardless of intent, personal property does not retain its
character as such when attached to real property in such manner that
it cannot be removed without practically destroying it or when it is
essential to the support of that to which it is attached. This limita-
tion upon the effect which may be given to a contract of conditional
sale cannot result in the creation of a lien on, or interest in, the real
property not created by grant, principle of common law or statute.

2. Where, therefore, a contract to furnish and install electric wiring
and fixtures upon real property provided " title to goods to vest in
vendor until fully paid for in cash," and, in an action by the vendor
to impress a lien upon the real property for an amount due under
the contract, the court has found that the wiring and fixtures furnished
have been attached to and become a part of the building from which
they cannot be removed without substantial injury, in the absence
of a provision in the contract stipulating for a lien upon the real
property, a conclusion of law that by the filing of the contract and
furnishing of the goods the vendor acquired such a lien, is erroneous.
No such lien exists under the common law and none has been created
by statute.

*East N. Y. Electric Co.* v. *Petmaland Realty Co.*, 214 App. Div.
730, reversed.

(Submitted October 5, 1926; decided November 16, 1926.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered May 15, 1925, unanimously affirming

a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Theodore Baumeister* and *David E. Goldfarb* for appellants. The failure to file its agreements prior to the advances on the mortgage precludes respondent from asserting any rights against the appellants. (Pers. Prop. Law, chap. 45, § 62; *East New York Refrigerator Co.* v. *Halpern*, 140 App. Div. 201; *McCloskey* v. *Henderson*, 231 N. Y. 130; *De Bevoise* v. *Maple Ave. Construction Co.*, 228 N. Y. 496.)

*Bernard Breitbart* for respondent. The plaintiff acquired a lien on the realty. And the judgment properly directed a sale thereof to satisfy the same. (*East New York Refrigerator Co.* v. *Halpern*, 140 App. Div. 201; *Peabody, Jr., & Co., Inc.,* v. *Travelers Ins. Co.*, 240 N. Y. 511.)

LEHMAN, J.   The plaintiff had made two contracts in the autumn of the year 1921 with Petmaland Realty Co., Inc., whereby the plaintiff agreed to furnish and install electric wiring and electric fixtures upon real property belonging to Petmaland Realty Co., Inc.   Each contract provided that " title to goods to vest in vendor until fully paid for in cash.   If said property is retaken by vendor, sums paid thereon shall be deemed to have been paid for use, wear and tear."   After the plaintiff had fully or substantially performed its contracts, and the defendant had failed to pay the agreed price of $560 which was due under the contracts, the plaintiff brought this action asking, among other things, that the court " adjudge and decree that the plaintiff has a valid and subsisting lien upon the real property above described for the sum of $560," and that " the said premises may be decreed to be sold according to law."   There is no allegation in the complaint which would show that the plaintiff has a mechanic's lien upon

the real property of the defendants or that the plaintiff has complied with the provisions of the Lien Law (Cons. Laws, chap. 33) in regard to the creation or enforcement of such liens. The complaint alleges, and after the trial the court found, " that the electric wiring and electrical fixtures so furnished by the plaintiff upon the real property above described, were attached and annexed to, and became part of the real property above described, and became part, parcel and fixture of the same, and that the same could not and cannot be detached from the said real property without substantial injury to the building." From the findings of fact made at the trial, the court drew the conclusion of law " that by the filing of the said conditional agreements and by the furnishing of the said electrical wiring and electrical fixtures, the plaintiff acquired and now has a good and valid lien upon the real property above described and against all the right, title and interest of the defendants."

The statutory provisions regulating " Contracts for the conditional sale of goods and chattels," now article 4 of the Personal Property Law (Cons. Laws, chap. 41), do not in terms or by fair intendment create any new rights in the vendor under a contract of conditional sale. The vendor's rights under the contract are defined by the terms of the contract itself, subject, however, to the provisions of the statute that " every such contract for the conditional sale of any goods and chattels attached, or to be attached, to a building, shall be void as against subsequent *bona fide* purchasers or incumbrancers of the premises on which said building stands, and as to them the sale shall be deemed absolute, unless, on or before the date of the delivery of such goods or chattels at such building, such contract shall have been duly and properly filed and indexed as directed in this article," etc. (Personal Property Law, section 62.) We need not now decide whether upon this appeal we may review the correctness of the so-called finding of fact, which has been unani-

mously affirmed, that " all the defendants except the defendant Petmaland Realty Co., Inc.  *.  *  *  have or claim to have some interest or lien upon the premises above mentioned, which interest or lien has accrued subsequently and is subject, subordinate or secondary to the lien of the plaintiff herein." We assume for the purposes of this appeal that any right or title which under the contract of conditional sale was reserved by the vendor in the personal property furnished by the plaintiff and attached to the real property, may still be enforced, though defendants other than the vendee subsequently may have acquired an interest in the real property. Here the plaintiff is not claiming title to the personal property or seeking to enforce rights to it. It is claiming and has, by judgment of the courts below, been awarded a lien upon the real property to which the personal property has been attached. The vendor has not by contract stipulated for such lien and the statute has not created such lien in the real property.

Unquestionably if the personal property had not been attached to the real property in such manner that it became an integral part thereof, the plaintiff would still retain title to the personal property under the terms of the contract of sale, and would have the right to resume possession of it. The contract of conditional sale of personal property which is to be attached to real property evinces conclusively and as matter of law the intent of the parties that the property should remain personal property until it was paid for. This intent may control the result which would ordinarily flow from the manner in which the personal property is attached to the real property, and " the character of the article as personal property [may] be preserved not only as against the vendee but, also, in the absence of statutory provision, as against the mortgagee, owner and, under certain circumstances, the subsequent grantee of the real estate." (*Davis* v. *Bliss*, 187 N. Y. 77. See, also, *DeBevoise* v. *Maple*

*Avenue Construction Co.*, 228 N. Y. 496; *McCloskey* v. *Henderson*, 231 N. Y. 130.)  The opinions in these cases indicated a limitation to the general application of the rule, viz., that regardless of intent, personal property does not retain its character as personal property when attached to real property in such manner that the " property could not be removed without practically destroying it, or where it or part of it is essential to the support of that to which it is attached." (*DeBevoise* v. *Maple Avenue Construction Co., supra.*)  Except for such limitation, the plaintiff would still retain its title to the property, and could demand its return; and if its demand be refused, could sue for the conversion of its property.  If such limitation applies to the circumstances of the present case the result will be that the plaintiff has lost its title to the personal property, just as any other owner of personal property loses title to his property when he attaches it to real property in such manner that as a matter of law it loses its character of personal property, regardless of the intent with which it was attached. The limitation upon the effect which may be given to the contract of conditional sale cannot result in the creation of a lien on, or interest in, the real property not created by grant, principle of common law, or statute. Here no lien on real property was created by grant.  The contract of sale merely provided for retention of title. No lien on the real property exists under the common law, and no such lien is created by the statute.  It follows that the judgments should be reversed and the complaint dismissed, with costs in all courts.

Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgments reversed, etc.