MISSISSIPPI BUTANE GAS SYSTEM CO., INC., *v.* GLISSON *et al.*

(Division A. Nov. 2, 1942. As Modified on Denial of Suggestion of Error, November 16, 1942.)

[10 So. (2d) 358. No. 35095.]

458

Harold Cox, of Jackson, and J. B. Sykes, of Mendenhall, for appellant.

R. C. Russell, of Magee, and Edwards & Edwards, of Mendenhall, for appellees.

**Roberds, J.**, delivered the opinion of the court.

The gas comany sued four. Glissons as makers of a monthly installment payment note dated March 10, 1941,

given it for the purchase price of a butane gas heating and cooking plant, pursuant to a contract for the purchase of such plant dated March 4, 1941. The declaration asked for a personal judgment against the makers of the note and for a mechanic's and materialman's lien on the gas plant and the home of the Glissons, in which the system was installed, and the lot on which the home was situated.

Defendants plead the general issue and gave special notice they would offer to prove that an agent of the gas company, in September, 1941, orally agreed with said purchasers to dis-install and accept the heating and cooking system in satisfaction of the debt, pursuant to which a written agreement was executed between the parties.

The Glissons, by proof but not by plea, also made the defense that when the order for the plant was executed the salesman of appellant verbally agreed that if the purchasers were not satisfied with the system, after use thereof for thirty days, the seller would retake it in full satisfaction of the debt.

There was no denial of the execution of the note, and nothing had been paid thereon. The only defenses were the two above mentioned special agreements.

Appellees failed to substantiate the September agreement as a defense. The writing was not an agreement. It was merely a consent, signed by one of the Glissons, for the gas company to enter the premises and retake the gas system, if it cared to do so, without being guilty of trespass. It was not signed by the gas company, nor was it contemplated that it should be. It is further shown, without dispute, that when this writing came to the notice of the person who had authority to make such agreement that he promptly refused to accede to the arrangement. Furthermore, the evidence wholly failed to show that the person who is supposed to have made this agreement was the agent of the appellant. Appellees

did not even know the name of that party, nor whether he had any connection with appellant. This agreement was an affirmative defense and the burden was upon the Glissons to show the fact of its execution by one having authority to bind appellant and the legal sufficiency thereof. Planters' Lbr. Co. v. Sibley, 130 Miss. 26, 93 So. 440; New Home Machine Co. v. Moody, 189 Miss. 628, 198 So. 440; National Cash Register Co. v. Giffin, 192 Miss. 556, 6 So. (2d) 605. This they failed to do.

The alleged oral agreement by the salesman, made when the order was taken, aside from its merits as a defense, was affirmative matter which should have been set up by special plea or notice. When proof of it was offered objection was made thereto because of the absence of such plea or notice. The objection was overruled but should have been sustained.

The peremptory instruction as to the gas company against the Glissons should have been granted to the extent of a personal judgment against them for the principal of the note and interest and $75 attorney's fees.

Appellees, Everett and Sowell, are beneficiary and trustee respectively in a deed of trust on the house and lot recorded prior to the purchase of the heating plant. They were made defendants to this action. The lower court, upon their motion, excluded, as to them, the evidence offered by the gas company, and rendered a judgment adjudicating that the gas company had no lien upon the building in which the heating plant was installed. Appellant says this was error; that it has a mechanic's and materialman's lien against the house and lot on which it is located, (sec. 2258, Code of 1930), and that its lien is superior to that of Everett. The first question, in this regard, is whether appellant has such lien. Conceding, for sake of the discussion, it would have such lien, unless waived, under Baum v. Covert, 62 Miss. 113, and Mulholland et al. v. Thompson-Houston Electric Light Co., 66 Miss. 339, 6 So. 211, the question remains

whether, in this case, the lien exists. The sale contract herein, in addition to retaining in the seller the title to the property sold as security for the purchase price thereof, also provides that "the equipment covered thereby shall remain personal property." Does the last quoted clause, in connection with the other provisions of the contract, prevent the lien attaching? The authorities, with few exceptions, hold that the retention of title alone does not waive the mechanic's lien on the realty if such lien would otherwise attach. 36 Am. Jur., p. 135, # 205; 40 C. J., p. 324, sec. 427; Annotations 58 A. L. R. 1122 and 65 A. L. R. 305. Our research has disclosed no case exactly in point. In re Williamsburg Knitting Mill, D. C. E. D. Va., 190 F. 871, the vendor of an installed sprinkler system had not recorded his contract, and the court held that as between such vendor and a subsequent, innocent mortgagee of the building in which the system was installed, the system became a fixture and the lien of the mortgagee on the building, with the fixture, was superior to that of the vendor as against the sprinkler system under the recording statutes of Virginia, notwithstanding the sale contract stipulated that the system should remain personal property. This case also involved the federal bankruptcy law, the owner of the mill being in bankruptcy. In Phillips-Michigan Co. v. Field Body Corporation, 221 Mich. 17, 190 N. W. 682, the contract, after retaining title to the sprinkler system, and stipulating it should not become a fixture but would remain personal property, contained this provision: "But the said first party, if it so elect, may at any time declare said system to be the property of the said second party and avail itself of any lien or supply law or other remedy." Naturally the institution of the suit to enforce a mechanic's lien on the building was an election under the foregoing quoted provision. These cases have little bearing upon the question. The question is of first impression in this state and will have to be determined by general

principles. In determining whether personal property attached to realty becomes a fixture and a part of the realty the intention of the parties is of paramount importance. The other tests derive their chief value as evidence of such intention. Love v. Union Central Life Ins. Co., 168 Miss. 408, 150 So. 794; 22 Am. Jur., p. 718, sec. 6, and authorities in note. By the agreement in this case the parties clearly expressed their intention that the heating plant should remain personal property until the price therefor was paid. Such a contract is good between the parties. 2 Jones on Liens, 3d Ed., p. 739, sec. 1500; Rockel on Mechanic's Liens, p. 738, sec. 1500; 36 Am. Jur., p. 147, sec. 230. If the annexed articles remain personal property, the foundation for such property becoming a fixture and part of the realty is absent. We hold that under this contract the seller waived whatever lien on the building and lot he might have had otherwise. If it be said the seller, by his action to impress and enforce a lien on the building, has waived the provision, the answer is that he has no right to waive it without the consent of the owners of the realty. It is a mutually beneficial provision. It is greatly to the interest of the owner that no such lien exist on the realty.

The prior trust deed on the house was on record and appellant had constructive notice thereof. In addition, the undisputed proof is appellant had actual knowledge thereof. Nor is it shown that the installation of this system was necessary to the enjoyment or use or preservation of this residence. The secured debt showed on its face it had two years longer to run, distinguishing this case from Billups et al. v. Becker's Welding & Machine Co., 186 Miss. 41, 189 So. 526. The lower court was correct in holding appellant had no lien on the building and lot and that Everett's trust deed was a first lien thereon.

Whether the gas company has a purchase money lien, with right of enforcement thereof, against the equipment sold and installed by it, is not presented by the pleadings

nor discussed in the original briefs herein, and is not involved in this case, and we express no opinion thereon.

Reversed and remanded.