33 So.2d 360

## FLOYD v. RAMBO.

### 5 Div. 439.

Supreme Court of Alabama.

Jan. 15, 1948.

Jacob A. Walker and R. C. Smith, both of Opelika, for appellant.

Denson & Denson, of Opelika, for appellee.

BROWN, Justice.

The bill in this case was filed by the appellee, the original contractor, against the appellant, the owner, to enforce a mechanics lien for work and labor performed and material furnished in installing in a dwelling house owned by the defendant a "Lennox Forced Air Heating System with D. L. 30 Iron Fireman" and labor furnished to remove from said building the furnace then installed in said building and the iron fireman and carry the same away to complainant's shop with agreement to make allowance for the old equipment in the price for the labor and material and installing of the new equipment. The written contract between the parties stipulated:

"The Buyer agreed to provide a good and sufficient smoke flue for the heating system without expense to the contractor; to permit the contractor to select the location of the heating unit and all auxiliary apparatus; to follow the direction of the contractor in the selection and firing of fuels and the detailed operation of the heating system; to provide Electrical and Water connection, Excavating, Cement, Carpenter, and Plumbing work not expressly otherwise provided for in this contract; and to pay for the above work as above specified the sum of One Thousand Two Hundred Thirty-Five and no/100 Dollars ($1235.00) as follows: 50% upon delivery the balance upon installation to be evidenced by a promissory note executed and delivered to the contractor payable in * * * consecutive monthly installments, beginning * * * 194 * * *

"On the following terms and conditions each and every (one) of which are made conditions precedent to the passing of the title, which title shall be and remain in the contractor until the fulfillment of each and every term of this contract, namely:

"Payment of the above sum in the manner and form herein specified.

"It is expressly agreed that the buyer will execute and deliver to contractor negotiable promissory note, or notes, in the amount above specified falling due on or before the dates above specified covering all deferred payments.

"It is further expressly agreed and understood that time being the essence of this contract any default in the payment of any installment of principal, the entire amount of principal shall, at the option of the contractor its successors or assigns, immediately, without notice, become due and payable with costs of collection and attorney's fees of fifteen percent.

"It is further expressly agreed that all of the aforesaid property is to be and remain personal property, notwithstanding any attachment thereof to real estate, and that title to, and ownership of, said property and the right of possession in event of any default shall be and remain in the contractor until the purchase price is fully paid with interest. * * *."

The bill further alleges that the defendant has paid $625.00 on the contract price leaving a balance due of $610, which the defendant fails and refuses to pay. The bill prays that on final hearing and proof "it be adjudged and decreed by the court that the respondent is indebted to complainant as original contractor in the amount of $610.00 with interest thereon; and that complainant have judgment against the respondent therefor; that it be adjudged and decreed by the Court that the complainant has a lien on said dwelling house and the lot on which the same is situated, as herein described, as security for the payment of said indebtedness of $610.00, with interest, together with 15% thereof as attorney's fees, as provided by the terms of said contract; * * * and for general relief."

The defendant demurred to the bill on the following, among other, grounds;

"There is no equity in the bill. * * *

"The bill shows on its face that complainant has no mechanics and materialman's lien on the property described in the bill. * * *

"The complainant is estopped to assert an improvement of the real estate in that by the terms of the written agreement the material furnished by the complainant remained personal property."

The court overruled the demurrer. Hence this appeal.

Section 48, Title 33, Code of 1940 provides: "When the amount involved exceeds fifty dollars, actions for the enforcement of liens under this article may be brought in the circuit court or court having like jurisdiction, of the county in which the property is situated, and where resort is had to chancery proceedings in circuit court, no special ground of equitable jurisdiction need be alleged or proved. In all other cases actions to enforce such liens shall be brought before justices of the peace."

■■ It has been uniformly ruled that this section of the code gives to a lienclaimant a concurrent remedy in equity. Bynum Mercantile Co. v. First Nat. Bank, 187 Ala. 281, 65 So. 815. That the lien is a creature of statute and not of contract. Crawford v. Sterling, 155 Ala. 511, 46 So. 849; First Colored Cumberland Presbyterian Church v. W. D. Wood Lumber Co., 205 Ala. 442, 88 So. 433.

■ The general policy of the statute is to secure to the materialman and laborer a just reward of his labor and material and is based upon the general equitable principle that one should not enjoy the benefits thereof without making just compensation therefor. Le Grand v. Hubbard et al., 216 Ala. 164, 112 So. 826; Lupton's Sons Const. Co. v. Hugger Bros. Const. Co., 227 Ala. 25, 148 So. 610.

The jurisdiction conferred upon courts of equity by § 48, supra, being concurrent with a proceeding at law, the complainant may have a general judgment against the contracting owner for the agreed price for the work and material furnished under the contract though he may not be able to establish the mechanics lien under the statute. Lavergne v. Evans Bros. Const. Co., 166 Ala. 289, 52 So. 318; Wood Lumber Co. v. Greathouse, 226 Ala. 644, 148 So. 125; Gorr Lumber Co. v. McMillan, 225 Ala. 303, 143 So. 173.

■ The demurrer is addressed to the bill as a whole and in view of well settled principles above stated, the court did not err in overruling the demurrer.

■ The other question presented and strenuously insisted upon is that the reservation of the title in the contractor, coupled with the provision that the materials and equipment used should remain personalty constituted a waiver of the mechanic's lien. The great weight of authority is to the effect that the reservation by the contractor of the title to the material and equipment used in the improvement of the real property does not preclude him from asserting a mechanic's lien on the property improved, as provided by statute. Code of 1940, Tit. 33, § 37; Annotations to East New York Electric Co. v. Petmaland Realty Co., 243 N.Y. 477, 154 N.E. 530, 58 A.L.R. 1119, pages 1122–1124; 36 Am.Jur. p. 135, p. 136, § 205; Annotations 65 A.L.R. pages 305–308; 40 C.J. p. 324, § 427. While the lien created by the statute may be waived or released just as any other lien may be waved or released, the presumption is that the right to the lien exists if the claimant has brought himself within the protection of the statute by complying with all the formalities prescribed. This appearing, it rests upon the defendant to show that the claimant has knowingly surrendered or waived his lien. 2nd Jones on Liens, pp. 739, 740, § 1500.

"Whether or not the taking of collateral security by the contractor will amount to a waiver of his lien is a question upon which the courts are not in accord. Quite a number hold that it will, but it is believed that the weight of opinion is that unless there is manifest intention between the parties that it shall so operate, this will not be equivalent to a waiver. And especially is this true where the enforcement of the lien will not affect the vested rights of any one. * * *." Rockel on Mechanics' Liens, p. 450, §§ 178, 180.

The appellant cites and relies on Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944, and Mississippi Butane Gas System Co. v. Glisson et al., 194 Miss. 457, 10 So.2d 358. In the last cited case the rights of appellees Everett and Sowell as beneficiary and trustee, respectively, in a deed of trust on the house and lot recorded prior to the purchase of the heating plant were involved. The court before treating the question of waiver disposed of the question of the right of the owners of the property to be relieved of the lien and held that the defenses set up were not sustained. Then going to the question of the beneficiary of the deed of trust observed:

"The sale contract herein, in addition to retaining in the seller the title to the property sold as security for the purchase price thereof, also provides that 'the equipment covered thereby shall remain personal property'. Does the last quoted clause, in connection with the other provisions of the contract, prevent the lien attaching? The authorities, with few exceptions, hold that the retention of title alone does not waive the mechanic's lien on the realty if such lien would otherwise attach. 36 Am.Jur. p. 135, § 205; 40 C.J. p. 324, § 427; Annotations 58 A.L.R. 1122 and 65 A.L.R. 305. Our research has disclosed no case exactly in point. In re Williamsburg Knitting Mill, D.C.E.D.Va., 190 F. 871, the vendor of an installed sprinkler system had not recorded his contract, and the court held that as between such vendor and a subsequent, innocent mortgagee of the building in which the system was installed, the system became a fixture and the lien of the mortgagee on the building, with the fixture, was superior to that of the vendor as against the sprinkler system under the recording statutes of Virginia, notwithstanding the sale contract stipulated that the system should remain personal property. This case also involved the federal bankruptcy law, the owner of the mill being in bankruptcy. In Phillips-Michigan Co. v. Field Body Corporation, 221 Mich. 17, 190 N.W. 682, the contract, after retaining title to the sprinkler system, and stipulating it should not become a fixture but would remain personal property, contained this provision: 'But the said first party, if it so elect, may at any time declare said system to be the property of the said second party and avail itself of any lien or supply law or other remedy'. Naturally the institution of the suit to enforce a mechanic's lien on the building was an election under the foregoing quoted provision. These cases have little bearing upon the question. The question is of first impression in this State and will have to be determined by general principles. In determining whether personal property attached to realty becomes a fixture and a part of the realty the intention of the parties is of paramount importance. The other tests derive their chief value as evidence of such intention. Love v. Union Central Life Ins. Co., 168 Miss. 408, 150 So. 794; 22 Am.Jur. p. 718, § 6 and authorities in note. By the agreement in this case the parties clearly expressed their intention that the heating plant should remain personal property until the price therefor was paid. Such a contract is good between the parties. 2 Jones on Liens, 3d Ed., p. 739, § 1500; Rockel on Mechanic's Liens, p. 738, § 1500; 36 Am. Jur. p. 147, § 230. If the annexed articles remain personal property, the foundation for such property becoming a fixture and part of the realty is absent. We hold that under this contract the seller waived whatever lien on the building and lot he might have had otherwise. * * *." Mississippi Butane Gas System Co. Inc. v. Glisson et al., 194 Miss. 457, 10 So.2d 358, 359.

Our statute provides that: "Every mechanic, person, firm, or corporation who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land, or for repairing, altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, architect, trustee, contractor, or subcontractor, upon complying with the provisions of this article, shall have a lien therefor on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, and to the extent in area of the entire lot or parcel of land in a city, town or village; * * *." Code of 1940, Tit. 33, § 37.

The language, to emphasize it, is *"under or by virtue of any contract with the owner."* There is no exception. The language of the statute is all inclusive and the lien is intended to secure payment for *any work or labor.* It not only includes material, fixtures, boiler or machinery, but it includes labor and work.

The contract in question contemplated that the contractor would furnish the labor and work to remove the existing heating system and install the new as a permanent improvement to the building and the last quoted clause of the contract relied on as a waiver which is to the effect "that all of the aforesaid property is to be and remain personal property notwithstanding attachment thereof to real estate" adds no extra force to the previous clause reserving the title in the material and equipment furnished in connection with the performance of the contract. Its sole effect was to reserve the title as a security for the debt and in absence of any subsequent effort to recover and enforce such security, it is not inconsistent with the mechanic's lien statute.

Rockel on "Mechanics' Liens", p. 454, § 180, dealing with waiver by estoppel, states the rule thus: "The doctrine of waiver in its application generally rests upon the doctrine of estoppel, and has the same application in mechanic's liens as in other cases. Generally if one is not obliged to speak his silence will not work an estoppel. An attempted settlement, or advanced payment or commencement of foreclosure proceedings, or receipt of part of the consideration in property, or in money, are not estoppels. But the acceptance of other security, or agreement not to look to the owner, or not to have a lien, or advice to make a mortgage and giving assistance in selling bonds secured thereby, or execution of receipt in full, where parties act on such receipts, are estoppels. There is no estoppel generally unless, without it, a wrong will result from the action of the party against whom the estoppel is sought. The doctrine of estoppel is one of prevention of fraud, and other things being equal, it will at no be applied to prevent the mechanic from taking a lien, unless the taking of it

will work a fraud upon some third person. * * *."

This is the general effect of our cases. Hickman v. Richburg, 122 Ala. 638, 26 So. 136; Lehman, Durr & Co. v. Van Winkle, 92 Ala. 443, 8 So. 870; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944.

We are, therefore, of the opinion on the whole that the ruling of the court on the demurrer to the bill is sound and is due to be affirmed.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON JJ., concur.