## W. H. RICHARDSON *v.* THOS. J. BORDEN.

1. FIXTURES: HOW DETERMINED. — In determining whether a chattel is so annexed to the freehold as to become a fixture, reference must be had to the nature of the chattel itself, the position of the party placing it where found, the probable intention in putting it there, the injury that would result from its removal, and the object of the party in placing it on the premises with reference to trade, agriculture, or ornament.

2. SAME: BETWEEN VENDOR AND VENDEE, MORTGAGOR AND MORTGAGEE, EXECUTOR AND HEIR, LANDLORD AND TENANT. — As between vendor and vendee, mortgagor and mortgagee, executor and heir, all things which are necessary to the full and free enjoyment of the freehold, and which are *in any way attached to it*, are held to be fixtures. As between landlord and tenant, the rule is much more liberal in favor of the tenant.

3. SAME: GIN-STANDS. — Gin-stands annexed to the freehold, as gin-stands usually are, are fixtures, and pass with a sale of the realty.

ERROR to the Circuit Court of Rankin county. Hon. John Watts, judge.

Borden sold to Richardson a tract of land on which was situated a gin-house, and in it a gin-stand, put up, fastened, and used in the ordinary way. Richardson claimed the gin as having passed to him by the sale of the land. Borden brought his action of replevin, and upon an agreed state of facts (set out in the opinion of the court) the court below decided the gin-stand not to be a fixture. From this judgment, Richardson prosecutes this writ of error.

*Harper and Shelby* for plaintiffs in error.

The only question presented for the decision of this court in this case is, whether or not the gin-stand was a *fixture*, and there being no reservation at the time of sale, either in the deed or verbally, it passed under the conveyance of the land to plaintiff in error. We respectfully insist that it did so pass, and that the court below erred in rendering judgment for defendant in error.

The doctrine is well settled that the law of *fixtures*, as between vendor and vendee, is most strongly construed against the vendor; while for the benefit of trade and the encouragement of agriculture, the rigor of the law has been relaxed and construed most favorably as between landlord and tenant, for the tenant; and the tenant at the termination of his tenancy, has been permitted to remove property which, as between vendor and vendee, would have been regarded as immovable, and a *fixture*. Any fastening, however slight, of an article in a building attached to the freehold, as between vendor and vendee, would pass under a general conveyance of the freehold, when no reservation was made. As to the general doctrine here announced, see Ferard's Law of Fixtures (pages in brackets), 129 *et seq.*; *Miller* v. *Plumb*, 6 Cowen, 665; Parsons on Contracts, 2d vol., title fixtures, page 511, note *v*, 5 thedit.; 2 Kent's Com., top page, 345–347.

By reference to the record, it will be seen that the gin-stand in controversy stood as gin-stands usually stand in gin-houses for use, and was therefore fastened to the floor either by nails through the legs, or by cleets to hold it in its position, and

was therefore a fixture, and a part of the building, and passed under the conveyance.

In South Carolina, the following case is reported, which, it will be perceived, is precisely analogous to this case. "Plaintiff conveyed to defendant his cotton plantation. A cotton-gin was in a gin-house attached to the gears. Plaintiff brought trover for the gin, but it was held to be a fixture, and that it passed with the freehold under the rule, as between heir and executor, or vendor and vendee." *Furris* v. *Walker*, 1 Bail. (S. C.) 540, cited in Ferard on Fixtures (pages in brackets), 21–415, note (1). See also Washburn on Real Property, page 10, where a cotton-gin is included in the list of fixtures that pass with the freehold.

In the case of *Bratton* v. *Clawson*, 2 Stew. Ala. Rep., the same doctrine is held as in the case above cited, in South Carolina. We, therefore, insist that, in view of the above authorities, the judgment of the court below ought to be reversed, and judgment rendered for the plaintiff in error.

*Mayers and Lowry* for defendant in error.

All fixtures pass with the freehold unless expressly reserved. Things not fixtures do not pass with the freehold unless expressly included. These are the general rules on the subject. A gin-stand is not a fixture. It does not possess the qualities and requisites of a fixture. Its use and purpose exclude the idea that it is a part of the freehold. It is rarely fixed to the house in any permanent or substantial manner. Most usually it sets upon the floor, kept steady by its own weight, and the revolving band which sets the saws in motion. Both convenience and necessity require it to be easily removed, that another may supply its place. It is not uncommon for farmers to borrow gin-stands to gin their crops; and if the law should regard them as fixtures, great wrong would be done the lenders, Suppose the stand in controversy had been borrowed by Borden, and the real owner had sued, would it be pretended that he could not recover?

This court, in the case of *Terry* v. *Robbins et al.*, 5 Smedes & Marshall, p. 291, held that "a still in a still-house, and in use

and attached to the still-house, is a personal chattel." A still is certainly of a more permanent character, when attached to the house, than a gin-stand.

In *Stillman* v. *Hamar*, 7 Howard, 421, this court also held that "whatever is annexed to the freehold becomes a part of it;" and it follows, of course, that whatever is *not* annexed to the freehold does not become a part of it, and does not pass with it. A gin-stand cannot be considered as "annexed" to the freehold, and hence is not a fixture and does not pass by the deed to it.

We admit there have been decisions in support of and against this view, in those States in which gin-stands have been used; and such is the conflict between them that the mind cannot repose much confidence upon either. But we insist that, upon well-settled principles of law, especially since the courts are almost daily relaxing the old rule in regard to fixtures, the rule laid down in the two cases above cited, by this court, is the correct one, and that the decision of the court below should be affirmed.

JEFFORDS, J., delivered the opinion of the court.

This was an action of replevin brought by Thomas J. Borden, the defendant in error, against William H. Richardson, the plaintiff in error, to recover a gin-stand, alleged to be of the value of one hundred and seventy-five dollars. The case was submitted to the Circuit Court on the following agreed case: —

" In this cause it is agreed between the parties that the court decide the questions involved in this suit, upon the following agreed facts, and render its judgment accordingly, which are as follows, to wit: That Richardson bought a tract of land in said county, on which was a gin-house in which the gin-stand in controversy stood, as gin-stands usually stand for use, and was the only gin-stand on the place ; and was worth one hundred and seventy-five dollars ; that Borden made and delivered to Richardson a deed for the land, and Richardson took possession of the premises under it, and that there never was any reservation made of the gin-stand at the sale and execution of the

deed ; and the court shall decide whether or not the said gin-stand passed to Richardson by said sale and conveyance."

These facts being submitted to the court, the court determined that the gin-stand did not pass by the sale to Richardson, and that Borden was entitled to recover. And, thereupon, the court rendered judgment in favor of Borden. To reverse this judgment, the present writ of error is prosecuted. The only error complained of is, that the court below erred in giving judgment for the plaintiff on the agreed statement of facts.

The sole question, then, for this court to pass upon is, whether or not, under the agreed case, the gin-stand was *a fixture*, and whether the title to the gin-stand, in this instance, passed by the deed which conveyed the title to the real estate.

It has been a matter of almost universal complaint among lawyers, judges, and writers on jurisprudence, that the law in relation to fixtures is, perhaps, less susceptible of being reduced to positive and uniform system than any other branch of legal science.

There has been more judicial legislation on this subject, and the rules are less certain and fixed, than any other department of the law with which we are familiar. We do not wish to be understood as intending to say that the law is entirely unsettled, for we have many well-defined rules on this subject; but simply as saying, that what is or is not a fixture seems. to depend on the peculiar facts and circumstances surrounding each particular case, more than any other consideration.

A thing or article may have been regarded as a fixture under one state of facts, and the same thing has been held not to be a fixture under another state of facts. Take, for instance, the article of manure, where by the sale of agricultural lands, and whether in heaps or scattered in the barnyard, it is a fixture, and passes as part of the realty to the vendee ; but when upon lands in a village or city, where the lands are not used for agricultural purposes, it is not a fixture, and is treated as personal property.

It will be found upon examination, that, in determining the question whether a thing is a chattel or fixture, reference must

be had to the *nature of the thing itself;* the position of the party placing it where found ; the probable intention in putting it there, and the injury which would result from its removal ; and we must also consider the object of the party in placing the article on the premises with reference to trade, agriculture, or ornament.

In the present case, for example, the article in controversy was in its very nature adapted to the business for which the lands were used. The party who annexed it when he put it there must have intended it should remain as long as it continued serviceable, as the convenience and usefulness of his cotton plantation would have been seriously impaired by its removal.

The gin-stand is not only a highly necessary article, but may be declared to be an indispensable one.

The doctrine is well established that, as between the executor and heir, the vendor and vendee, mortgagor and mortgagee, the strict rule is applied in favor of the heir, vendee, and mortgagee, holding many articles to be fixtures, and as belonging to the freehold, which would not be so as between landlord and tenant. In one class of cases the rule of construction is rigorous and stringent, in the other it is relaxed and liberal.

This precise question seems never to have been passed upon by this court, but we find many decisions in the cotton-growing States; and as far as our examination has extended, these decisions have all been in one direction.

In South Carolina, in the case *Farris* v. *Walker,* 1 Bailey (S. C.), 540, the plaintiff sold and conveyed his plantation to the defendant. Cotton was grown on this plantation and a cotton-gin was in the gin-house on the premises, attached to the gears.

Plaintiff brought an action of trover for the gin, but the court were of opinion that it was a fixture and passed with the freehold. The court say : " The rule on the subject, as between the heir and executor, or between vendor and vendee, is more rigorous than between landlord and tenant, or the executor of a tenant for life, and the remainder-man. In relation to the former, all things which are necessary to the full and free en-

joyment of the freehold, and which are in *any way attached* to it, are held to be fixtures, and pass with it. What ought to be considered a fixture, depends materially upon the nature of the freehold sold. If a plantation, then all such things attached to the land which are usually necessary, or used in the management of a farm, would pass."

This authority is directly in point. This doctrine was re-affirmed in the same State, in *McMenna* v. *Hammond*, 3 Hill (S. C.), 331. The same rule is laid down in Alabama, in the case of *Bratton* v. *Clawson*, 2 Stewart, p. 478. The same principle has been followed in Tennessee, in the case of *Degrafenreid* v. *Scruggs*, 4 Hump. 451.

It seems to us, therefore, that it is clear from the authorities here cited, as well as upon reason, that the gin-stand in this case, standing as gin-stands usually stand for use, being the only one on the place, and no reservation having been made at the time of sale or delivery of possession of the premises, was a fixture and passed with the title to the realty.

The judgment of the Circuit Court is reversed, and this court will proceed to enter such a judgment here as should have been rendered in the Circuit Court.