ANNA R. BOONE v. MENDENHALL LUMBER COMPANY.

[52 South. 584.]

FIXTURES.    *Chattels.    Annexation to land.    Steam engine.*

> A steam engine, placed on a concrete foundation embedded in the soil, and attached thereto by steel bolts, for the purpose of furnishing motive power for a planing mill, does not necessarily and as a matter of law cease to be personalty and become a fixture, so as to pass with a conveyance of the land, although a house was built over it.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

Mrs. Boone, appellant, was plaintiff in the court below; the lumber company, appellee, was defendant there. From a judgment in defendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

The suit was an action of replevin for a steam engine. Plaintiff claimed it as personalty under an execution sale of it, as the personal property of one McLaughlin, the defendant in execution. The defendant claimed under a deed executed by McLaughlin conveying the land, as such, upon which it was located. Other facts are stated in the opinion of the court.

*J. C. Oakes* and *Hilton & Hilton,* for appellant.

The intention with which the engine was placed upon or affixed to the realty is one of the facts that may be looked to, in connection with the other circumstances, in determining its status as personalty or as a fixture, and this intention is never a question solely of law, but is always either a question of fact, or a mixed question of law and fact, and hence, to say the least, the peremptory instruction given to the jury to find for the defendant was error. 19 Cyc. 1045, 1055, and authorities there cited.

Custom may also be appealed to as evidence of intention with which a chattel has been affixed, and it is well known that. throughout the piney woods sections of Mississippi, .the saw mill and planing mill plants are constructed with a view to cutting up the timber in the immediate locality and then being moved· to another site. Few mills can be pointed out in this section. that have remained at· one place any number of years; perhaps none, except those belonging to large syndicates. *Nelson v. Harrington,* 122 Ala. 573, 25 South. 211.

*Currie & Currie,* for appellee.

This is an action in replevin and of course it will not lie for· an engine which is a fixture.

The testimony conclusively shows the engine in controversy to be a fixture.

It is settled that an execution purchaser takes only such title· as the execution debtor had at the time of the sale, and no more, and that such purchaser purchases at his own risk. It is needless to cite authorities on this.

It is equally well settled that realty, or a fixture cannot be· the subject of replevin.

Smith, J., delivered the opinion of the court.

The question for. determination in this case is whether an: engine installed for the purpose of furnishing motive power· for a planing mill was so annexed to the realty as to become a fixture, and a part thereof, so that title thereto. would pass to the grantee in a deed conveying the land on which same was· situated.

The testimony simply shows that the engine was by the· owner of the land placed upon a concrete foundation, attached thereto by eight 1¼-inch steel bolts, and that· after same was. installed a house was built over it. Some evidence was offered·

by appellee, and excluded by the court, which would probably
have thrown some additional light upon the matter. Tested by
the rules announced in *Weathersby v. Sleeper*, 42 Miss. 732,
it cannot be said that the character of the engine was changed
from that of a chattel to realty. The peremptory instruction
granted by the court, by which it held that this had been done,
was erroneous, and should not have been given.

*Reversed and remanded.*