AMERICAN LAUNDRY MACHINE CO. *v.* CITIZENS NAT. LIFE INS. CO. *et al.*

[65 South. 113.]

FIXTURES *Machinery. Rights of mortgagees.*

> Where the machinery of a laundry attached by screws, rods, and bolts to the floor or ceiling of a building, or to concrete or brick foundation, in order to support and steady it, and which was placed in the building solely for use in connection with the laundry business, none of such machinery being necessary for the use of the building, as each and all of it can be removed without injury to the building, such machinery was personal property, and not fixtures in the sense that they became a part of the building in which they were placed and in such case a mortgagee of the house and lot in which the machinery was placed had no claim on such machinery as against a subsequent mortgage of the same.

APPEAL from the chancery court of Alcorn county.

HON. I. Q. ROBINS, Chancellor.

Suit by American Laundry Machine Company, against the Citizens National Life Insurance Company and others. From a decree for insufficient relief, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Chandler & Chandler* and *J. M. Boon,* for appellant.

The appellant relies upon the principals of law as established in the following cases, to wit: *Weathersby* v. *Sleeper,* 42 Miss. 732; *John Van Range Co.* v. *Allen,* 7 So. Rep. 499; *Boone* v. *Mendenhall Lbr. Co.,* 97 Miss. 554, which cases, so far as we can find, are not in conflict with any other decisions of our court.

In the case of *Allen* v. *John Van Range Co., supra,* in 7th Southern Reporter, the stove in the controversy was fastened to the floor, evidently for the purpose of holding it steady, just as the machinery above mentioned was

fastened to the floor or ceiling to hold it steady and keep it from turning over, and Judge Wood in the *Allen case* says that in the absence of any agreement, the court was unable to see any plausibility in the contention that the property was a fixture, that it would be time enough to revise the former rulings on this subject when an attorney of that court could be found to assert that a cooking stove partakes of the nature of real estate, even though it is fastened to the floor. Now, this kitchen stove was fastened to the floor of the hotel for the purpose of being used in connection with the running of the hotel, and was an essential piece of machinery to be used in operating a hotel—indeed, the hotel would not have been run without the stove—and while it may be conceded that this machinery involved in this litigation was necessary in the operation of the laundry, it was no more a part of the realty than the stove was a part of the hotel building, even conceding that the laundry could not have been operated without such machinery.

There is nothing in the placing of this machinery for use in the operation of the laundry that indicated that it should be considered a permanent attachment to the realty in order to increase the value of the realty, only so long as the laundry would be operated in the building. The building could be used for merchandise, or any other kind of manufacturing plant, or trade or business as well as for a laundry business.

The *Weathersby case, supra,* states that the intention of the parties in making the attachment can be looked to in arriving at whether or not it was intended to be permanent attachment, converting the chattel into a fixture. Let us look at the dealings between these parties with this property, in order to ascertain, if possible, the intention of Mr. Collier in making the attachment, and the understanding of the Life Insurance Company in taking the trust deed. (1) At the time this trust deed was taken by the Life Insurance Company, there was then a trust deed

on a part of this machinery of record in the office of the chancery of Alcorn county, Mississippi; (2) The appraisers in appraising the property for the loan from the Life Insurance Company did not list this machinery nor appraise the same. (3) The trust deed from Collier and wife to the Citizens Life Insurance Company did not describe this machinery; (4) The trustee's deed from Key, trustee, to the Life Insurance Company, the defendant, did not describe this machinery; (5) Mr. Collier attempted to increase his loan with the defendant Life Insurance Company with this machinery as security, which the said defendant declined, because the defendant did not loan money with machinery as security, therefor this last point is clearly established by Mr. Collier in his testimony in this case, and it is admitted by Mr. L. W. Key, the agent of the defendant Life Insurance Company who negotiated this loan for the Life Insurance Company—the only difference being about the time the application was made, Collier thinking that it was immediately upon closing the loan on the real estate, and Mr. Key contending that it was several weeks thereafter by correspondence.

The above clearly shows that Collier dealt with this machinery as separate and apart from the realty, and that Mr. Key, the agent and trustee for the defendant Life Insurance Company, did not understand that he had a trust deed on the machinery, as he distinctly says that he would not loan money upon machinery as security.

We, therefore, respectfully contend that the decree of the chancellor should be reversed and the appellant's lien on the property hereinabove described declared to be good as against the conveyances of the realty, and that said property did not pass to the purchaser of the realty.

*W. J. Lamb,* for appellee.

The sole question in this case is, whether or not certain articles of machinery were fixtures. The chancellor held them to be fixtures and that the Citizens National

Life Insurance Company were entitled to them because they were fixtures, and decreed them to be the property of the insurance company.

The rule of law adopted by this court is that if there is any testimony to support the findings of the chancellor, his findings will be sustained by this court. The findings of the chancellor on this point were predicated on the testimony of Mr. Collier, the vendor, in this case and one of the parties to this suit.

Another rule of law adopted by this court is, that in passing on the question, whether certain articles become fixtures or not, the presumption is against the vendor and in favor of the vendee. Taking the testimony of Collier and applying the principal of law governing in this case, it is easily seen that the findings of the chancellor are correct.

SMITH, C. J., delivered the opinion of the court.

It appears from the evidence in this case, in which there is no conflict, that Mr. J. H. Collier was the owner of the building situated in the town of Corinth, Miss., in which he had installed and was operating a laundry plant. On September 9, 1907, he executed to appellee a deed of trust on the lot upon which the building in which this machinery had been installed was situated, to secure the payment of a loan of money made him by appellee. After this loan had been agreed upon and before the note evidencing the deed of trust securing it had been executed, Collier requested appellee to increase the amount thereof, offering to include in the deed of trust this machinery as security therefor. This request was declined by appellee on the ground that it "did not make loans on laundry machinery." On January 12, 1908, Collier executed a deed of trust, and on October 9, 1909, a chattel mortgage to appellant upon the machinery situated in this building to secure it in the payment of a sum of money due it by him. The indebtedness secured by these last two in-

struments was incurred by Collier in purchasing from appellant a part of the machinery with which he was conducting his laundry business. Afterwards appellee's deed of trust was foreclosed and the property therein described was purchased by it at the trustee's sale. Under the deed executed to it by the trustee in its deed of trust, appellant claims not only the land, but the machinery situated in the building thereon, on the theory that the various pieces of machinery are fixtures, and therefore title thereto passed to it along with the land. Appellant filed its bill in the court below making all proper parties defendant and praying that Collier be decreed to pay the amount due it, and in default thereof that these deeds of trust be foreclosed, and that appellee's claim to the machinery be canceled and held for naught. The court below ordered that the deeds of trust be foreclosed and canceled appellee's claim to all of the machinery except one band starcher, one engine and boiler, one twenty-six-inch extractor, one detached counter, two cuff presses, one neckband press, one yoke press, one air pump, one No. 3 root blower. Each of the three parties defendant were taxed with one-third of the costs. The engine, boiler, and extractor were placed on concrete and brick foundations attached thereto by rods and bolts; it being necessary so to do in order that they might be properly supported and kept steady. The other pieces of machinery were screwed and bolted either to the floor or ceiling in order to hold them in their places and keep them steady. None of this machinery is necessary for the use of the building as such, and all of it can be removed without injury to the building.

Under the rule announced in *Weathersby* v. *Sleeper*, 42 Miss. 732, and applied in *Boone* v. *Mendenhall Lumber Co.*, 97 Miss. 554, 52 So. 584, it seems clear that the pieces of machinery in question are not fixtures in the sense that they became a part of the building in which they were placed, but that, on the contrary, they were placed in the

building solely for the purpose of being used in connection with Collier's laundry business and remained and still are personal property.

The decree of the court below will be reversed, and decree here as rendered in the court below, except that the claim of appellee to all of the machinery, included in appellant's bill, will be canceled, and except that appellee will be taxed with two-thirds of the cost below, and J. H. Collier, one of the defendants, will be taxed as was done in the court below with one-third thereof. Appellee to pay all costs in this court.

*Reversed.*