FREDERICK *v.* SMITH *et ux.**

(Division A.   April 18, 1927.)

[111 So. 847.   No. 26402.]

1. FIXTURES. *Lighting plant, bath tub, and kitchen sink installed by tenant afterwards purchasing property held "fixtures."*

   As between·mortgagor and purchaser from mortgagee purchasing at foreclosure sale, Delco lighting plant, bath tub, and kitchen sink, installed by tenant afterwards purchasing premises, *held* to constitute "fixtures" and to belong to freehold, notwithstanding that it would be possible to use dwelling house without bath tub or sink and to have operated farm without lighting plant.

2. FIXTURES. *Water tank, pump, and engine placed on leased premises by tenant after destruction by windstorm did not become fixtures (Hemingway's Code, section 2332).*

   Water tank, pump, and engine which were placed on farm by tenant after being totally destroyed or rendered useless by wind-storm, and which were placed on leased premises by tenant for his own use and convenience, *held* not to have become fixtures in view of Code 1906, section 2834 (Hemingway's Code, section 2332), releasing lessee in absence of covenant from any obligation to restore or pay for property destroyed without negligence or fault on his part.

3. FIXTURES. *Pipe from dwelling to commissary placed on premises by lessee held "addition" to leased premises which tenant might remove.*

   Galvanized pipe leading from dwelling house to commissary, and placed on premises by tenant for his own use and con-venience, *held* to constitute an "addition" to leased premises which tenant had a right to remove.                    •

---

*Corpus Juris-Cyc. References: Fixtures, 26CJ, p. 705, n. 28; p. 724, n. 60; p. 725, n. 72.

438       FREDERICK *v.* SMITH.       [Sup. Ct.

APPEAL from circuit court of Bolivar county.

HON. W. A. ALCORN, JR., Judge.

Suit in replevin by W. C. Frederick against C. M. Smith and wife. Judgment for defendants, and plaintiff appeals. Reversed and judgment rendered.

*Shands, Elmore & Causey,* for appellant.

We are of the opinion that the proof establishes that the articles in question were fixtures and that the court misinterpreted the law in holding that they were not.

(a) Consider first the Delco light plant, which also includes the gasoline engine used to operate the plant, and the dynamo. This plant was used to furnish lights and electricity for the dwelling. It was a necessary part of the farm. It was on the premises when the appellee purchased the property from C. R. Smith in December, 1918, and it was still on the premises in April, 1920, when the deed of trust was given to the insurance company. This property remained on the premises in 1924 when the foreclosure took place and was on the premises when the appellant purchased the property in November, 1925. *Richardson* v. *Borden,* 42 Miss. 71; *Tate* v. *Blackburne,* 48 Miss. 1.

Whatever chattels may have been placed upon the property by the appellee as tenant could have been removed by him at the end of his term because of the liberal rule in favor of tenants; but as soon as he became a purchaser of the freehold, then his *status* relative to those chattels changed and the *status* of the chattels changed and they are deemed to be fixtures if in any way attached to the freehold and necessary to the enjoyment of it. *Perkins* v. *Swank,* 43 Miss. 349. This rule is also recognized by the supreme court of Georgia in *Bringham* v. *Overstreet,* 57 S. E. 484.

To determine whether or not a chattel has lost its character as a chattel and become a fixture, the intention of the party making the annexation is a very important

matter of inquiry.    Whether there was an intention to make the chattel a fixture is a question of fact, or at least a mixed question of law and fact, for a jury.    *Winnike* v. *Heyman,* 169 N. W. 631; *Harrisburg, etc.,* v. *Goodman,* 19 Atl. 844; *Seeger* v. *Pettit,* 18 Am. Rep. 452; *Benedict* v. *Marsh,* 18 Atl. 26.    The trial court has left this question for the jury.

(b)    We will discuss briefly the *status* of the bath tub: The law which we have already cited and discussed relative to the light plant applies to the bath tub, and without any extended discussion we further say that the law relative to the tub applies to the kitchen sink.    This article was attached to the freehold, was necessary to the full enjoyment of the freehold, and was placed there in the early spring of 1920 at a time when the appellee was owner of the freehold.

(c)    As to the water tank, engine and water pump: This property was placed on the premises after May, 1924, the month of the foreclosure.    Appellee will no doubt contend that inasmuch as he placed this property on the premises while holding as tenant of the insurance company, he is entitled to the benefit of the rule; which is, that a tenant may remove property placed on the freehold during the term.    But the court will recall that the water plant which was levied upon was a plant used to replace a similar plant which later plant was placed on the land in 1920.    The appellee was then owner of the land and this plant placed there in 1920 was a plant used to replace still another plant which was placed there in former years.    The plant levied on was the third water plant placed on the premises.    Such facts being not disputed, the well-recognized rule stated in the authorities controls.    19 Cyc. 1066.

The rule as laid down in the above citation is that the tenant may remove *additions* to the leased premises which he has placed there to carry on his trade or to conduct his business on the premises, but the tenant is not permitted to remove property which he has placed on the

premises in substitution of other like property. *Ashby* v. *Ashby*, 46 Atl. 531; *Squire & Co.* v. *City, etc.*, 76 Atl. 679; *Bovet* v. *Holzgraft*, 23 S. W. 1014; *Spalding* v. *Theatre Co.*, 175 S. W. 269; *Webb* v. *Theatre Co.*, 87 Atl. 274.

There is a vast distinction between *additions* and *substitutions*. In the event additions are made to the premises, the tenant may remove them at the expiration of his term without consulting the landlord, but when substitutions are made, they take the place of former parts of the freehold and either the landlord or mortgagee whose rights will be effected must be consulted. As to such substitutions the presumption is that the "substituted articles shall be permanently attached."

In the case at bar no agreement was made with the mortgagee or with the appellant and as to these substitutions the appellee had no right to remove them. See *Jones* v. *Millsaps*, 71 Miss. 10, 14 So. 440; *Edwards* v. *Road Co.*, 50 Am. Rep. 659.

(d) The one hundred fifty feet of pipe was placed in the ground between three and six inches in the fall of 1924. This would seem that the pipe was put under the soil after the foreclosure and while appellee was a tenant. Necessarily, the appellee had to tear up the ground. This would indicate that the pipe had become a fixture because it was as permanently annexed to the ground as its character would permit. As to the appellee's right to remove, the jury should have been permitted to settle the matter.

*Clark, Roberts & Hallam,* for appellee.

Beyond any question, at the time that all of the property seized under the writ of replevin with the exception of the Delco light plant, the bath tub and the kitchen sink, was placed on this property, C. M. Smith was a tenant on the property and none of the property placed by him while a tenant thereon; to-wit, the water tank, the piping, the gas engine for water pumping and the water pump

itself were of such a character or nature or were so attached to the soil under the decisions of this court as to make them fixtures so as to cause the tenant to lose his title thereto.

As to the Delco lighting plant, the bath tub and the kitchen sink, we refer the court to the testimony herein as to the method of attachment of all of the various items and submit that none of these pieces of personal property was so attached to the soil or was so used or were in their nature fixtures.

In our opinion, the action of the trial court in granting the peremptory instruction was eminently correct under the decisions in this state. *Weathersby* v̄. *Sleeper,* 42 Miss. 732; *Boone* v. *Mendenhall Lbr. Co.,* 52 So. 584; *Am. Laundry Machinery Co.* v. *Citizens Nat'l Life Ins. Co.,* 65 So. 133.

Under the decisions of this state and under the facts in this case,.all of the property seized by the writ of replevin is unquestionably shown to have been personal property and none of it to have been fixtures on the land.

COOK, J., delivered the opinion of the court.

The appellant, W. C. Frederick, instituted this suit in replevin against the appellees, seeking to recover possession of certain pieces of property which he alleged were fixtures and had been wrongfully removed from. a farm which the appellees had previously been in possession of and which was purchased by the appellant. At the conclusion of the testimony in the court below, the court peremptorily instructed the jury to find for the appellees, and from the judgment entered in pursuance thereof, this appeal was prosecuted.

The proof shows that during the year 1916, and until he purchased the property on December 30, 1918, the appellee C. M. Smith was a tenant on this farm, which consisted of four hundred seventy-eight acres. On April 20, 1920, the appellees C. M. Smith and his wife, Emma

Smith, executed a deed of trust in favor of the Jefferson Standard Life Insurance Company in which this land was conveyed to secure the payment of a certain indebtedness to the beneficiary. On May 19, 1924, this deed of trust was foreclosed, and the property was purchased by the said Jefferson Standard Life Insurance Company; but the appellees continued in possession of the property as tenant of the said insurance company until the property was sold, on November 16, 1925, to the appellant. The appellees moved off this farm on January 1, 1926, and carried away therefrom the articles which are the subject of this suit, consisting of one Delco lighting plant, including gasoline engine and dynamo, one hundred fifty feet of three-fourths inch galvanized water pipe, one large zinc water tank, one water pump and gasoline engine used for pumping water, one kitchen sink, and one bath tub.

The proof is that the Delco lighting plant and the gasoline engine used to operate it, and the dynamo and batteries, were all located in a small house in the back yard about one hundred feet from the dwelling, and were all considered one unit. The entire plant, except the batteries, was attached to a concrete block by bolts, and this concrete block was placed on the ground. The batteries were located on a shelf near the other part of the plant, and this light plant was used to light the dwelling house. This plant was purchased by the appellee C. M. Smith and placed on the premises in the spring or summer of 1916, at a time when he was a tenant thereon. The bath tub was purchased by the appellee during the year 1916, and was installed in the dwelling house by being attached to the service water piping leading into and from the dwelling house. The zinc water tank, water pump, and gasoline engine were purchased by the appellee, and installed on the premises, in the spring or summer of 1924, at a time when the appellee was a tenant of the Jefferson Standard Life Insurance Company. This tank was located on a tower about sixteen feet above the ground, near

the barn, and was attached to the engine and ground by means of a pipe. The engine was used to operate a pump, and thereby water was pumped into the tank, and from the tank water was conveyed by pipes to the dwelling house, pasture, and other parts of the premises, for use by the appellee, his family, his cattle, stock, etc., and was placed on the premises because, without it, the services of a high-priced man would have been necessary to supply the farm with water. This tank, engine, and pump were purchased by the appellee while he was a tenant, for the purpose of replacing similar property that was destroyed by a storm. The testimony is that this tank was blown down onto the engine and pump, thereby destroying the tank and pump, and injuring the engine; that the engine was turned over to a blacksmith for repairs and never returned. But the testimony does not show the extent of the injury to the engine, or whether the same could, in fact, be repaired so as to render it serviceable. The tank, engine, and pump which were injured by the storm, were purchased in the year 1920, at a time when the appellee was the owner of the premises, and were used to replace similar property already on the premises. The one hundred fifty feet of galvanized pipe, leading from the dwelling house to the commissary, was put in by the appellee in the latter part of the year 1924, and it was placed under the ground from three to six inches. The kitchen sink was purchased by the appellee during the year 1920, and it was installed in the kitchen by being attached to the walls thereof and to pipes leading to and from the sink.

The rules applicable in determining whether an article is personal property or a fixture are well defined in the prior decisions of this court, and the only difficulty arises in the application of these rules to the facts and circumstances of each particular case. In the case of *Richardson* v. *Borden,* 42 Miss. 71, 2 Am. Rep. 595, the court said:

"It will be found upon examination, that, in determining the question whether a thing is a chattel or fixture,

reference must be had to the nature of the thing itself; the position of the party placing it where found; the probable intention in putting it there, and the injury which would result from its removal; and we must also consider the object of the party in placing the article on the premises with reference to trade, agriculture, or ornament."

In the case of *Weathersby* v. *Sleeper*, 42 Miss. 732, the rule for determining the question is stated as follows:

"Whether an article is personal property or a fixture, must be determined by taking into consideration its nature, mode of attachment, purpose for which used, and the relation of the party making the annexation, and other attending circumstances indicating the intention to make it a temporary attachment or a permanent accession to the realty. . . . In some instances the intention to make the article a fixture may clearly appear from the mode of the attachment alone, as where a removal cannot be made without serious injury to the property by the act of severance. But where the attachment is but slight, and does not enter into the physical structure of the realty, this intention must be gathered from the nature of the article and the other attending circumstances."

In the case of *Richardson* v. *Borden, supra,* in discussing the application and effect of these rules, the court said:

"The doctrine is well established that, as between the executor and heir, the vendor and vendee, mortgagor and mortgagee, the strict rule is applied in favor of the heir, vendee, and mortgagee, holding many articles to be fixtures, and as belonging to the freehold, which would not be so as between landlord and tenant. In one class of cases the rule of construction is rigorous and stringent, in the other it is relaxed and liberal."

Applying these rules to the facts in the case at bar, we have no difficulty in reaching the conclusion that the Delco lighting plant, the bath tub, and kitchen sink were "fixtures" and belonged to the freehold. It is true that

the light plant and bath tub were purchased and installed while the appellees were tenants on this plantation; but when they purchased the premises in 1918, this rule against the owner came into play, and determines the character of these articles as being fixtures and belonging to the freehold. While it is possible for a family to use a dwelling house which contains neither bath tub nor kitchen sink, it cannot be contended, with reason, that the owner of a dwelling house who has installed therein such articles would have the right to remove the same upon a sale of the property without reservations. Likewise, it would have been possible to have used this dwelling house and to have operated the farm without a lighting plant. Tallow candles or oil lamps might have been used to furnish light, but that fact alone is not the controlling test of the character of this plant. A plant of this kind, which is useful, if not necessary, for the use, enjoyment, and operation of the premises, and which is attached to the freehold and used by the owner of the premises for years, becomes a "fixture" which passes to the vendee upon a sale of the premises without any reservations of such plant. We think the appellant was entitled to recover possession of this lighting plant, bath tub, and kitchen sink, and that the court below should have peremptorily instructed the jury to so find.

As to the remaining articles sued for, we think the action of the court below in peremptorily instructing the jury to find for the appellees was correct. The undisputed testimony shows that the water tank, pump, and engine, were destroyed, or, if not totally destroyed, rendered useless, by a windstorm which occurred during the year 1924, while the appellees were tenants on this farm. By virtue of the provisions of section 2834, Code of 1906 (section 2332, Hemingway's Code), in the absence of any covenant to be so bound, the lessee was relieved of any obligation to restore or pay for this property which was destroyed without negligence or fault on his part. These articles having been purchased and placed on the

leased premises by the tenant for his own and convenience, we think, under the liberal rule in favor of a tenant, they did not become fixtures, and that he had the right to remove the same upon the termination of his tenancy.

As to these articles, the appellant invokes the doctrine that machinery or trade fixtures that are placed upon the leased premises in substitution for essential parts of the leased premises, and not as additions thereto, are not removable but are presumed to be permanent "additions." This doctrine is supported by ample authority from other states, but we do not think it is applicable to the facts here involved. There was no substitution of the tank, pump, and engine for similar articles already in use, but rather a replacement of articles destroyed or rendered useless by a storm, when there was no obligation upon the tenant to do so. After the destruction of this water plant, the articles placed upon the premises to aid the tenant in securing water for the operation of the farm were mere additions which he had the right to remove upon the termination of the tenancy. The galvanized pipe extending from the dwelling to the commissary was likewise an addition to the leased premises, which the tenant, had a right to remove.

The judgment of the court below will therefore be reversed, and a judgment will be entered here awarding the possession of the lighting plant, bath tub, and kitchen sink to the appellant; and the remainder of the property sued for to the appellees.

*Reversed, and judgment here.*