M. L. VIRDEN LUMBER Co. *v.* SHERROD *et al.*

(Division A. March 21, 1932.)

[139 So. 813. No. 29595.]

Percy, Strauss & Kellner, of Greenville, and J. M. Talbot, of Clarksdale, for appellants.

John W. Crisler, of Clarksdale, and Wells, Jones, Wells & Lipscomb, of Jackson, for appellee.

Briefs of counsel not found.

Argued orally by J. M. Talbot and Ernest Kellner, for appellant.

McGowen, J., delivered the opinion of the court.

M. L. Virden Lumber Company, a corporation, appellant here, filed its petition to enforce a materialman's lien on certain real property and certain fixtures located on a described lot of land for the sum of one thousand, one hundred ninety-nine dollars and forty-seven cents. Attached to its petition were fifty-two invoices for materials alleged to have been furnished in the repair or change in construction of a certain warehouse located on the lot described; also there was a note for that amount executed in favor of the M. L. Virden Lumber Company,

in which it was specifically agreed that the lien was not extinguished by the execution of the note.

The Dixie Warehouse Company, C. F. Sherrod, Jr., "and all other persons, firms or corporations claiming a lien on, or interest in, the property," were made parties defendant. Upon an amendment of the petition, the Federal Cotton Seed Storage Company was made a party defendant. Sherrod appeared and filed a plea setting out a petition in bankruptcy. The Federal Cotton Seed Storage Company appeared and filed an answer and notice of nonjoinder. There was publication for the Dixie Warehouse Company.

The Federal Cotton Seed Storage Company in its answer denied that there was a materialman's lien existing on the lands described, because the M. L. Virden Lumber Company had lost its lien, for the reason that, at the time the material was furnished, M. L. Virden, as an individual, was the owner of the purchase-money note secured by a deed of trust on the lands described, and before suit was filed herein said deed of trust had been foreclosed on said property and M. L. Virden had acquired, by trustee's deed, the land and property so sold. The answer specifically denied that there was any lien on the fixtures located in the building; that it was interested only as a user of the warehouse under an arrangement with Sherrod, alleged to be a lessee of Virden, the owner. The answer further alleged that M. L. Virden, the owner of the property in question, was a necessary and proper party to the proceedings.

Virden appeared and filed a plea to the effect that he had actual and constructive notice at and before the time the materials were furnished to the Dixie Warehouse Company, or C. F. Sherrod, Jr., and at and before the foreclosure sale at which Virden was the purchaser on August 11, 1930. He alleged that the fixtures in the building located on the land in controversy were wholly and entirely his property, had become a part of the realty, and were "subject to the rights of the said plaintiff,"

and he prayed that an issue be joined between him and the Federal Cotton Seed Storage Company.

The M. L. Virden Lumber Company filed its replication to the plea and notice of nonjoinder of the Federal Cotton Seed Storage Company, which denied that the deed of trust of Virden was a prior lien on the property, and denied that the Federal Cotton Seed Storage Company owned the fixtures and equipments located in the building, and averred that, if the Federal Cotton Seed Storage Company had acquired any right, it was subsequent to the filing in the chancery court by the plaintiff of a lis pendens notice of its claim to a materialman's lien. The replication further noted the fact that M. L. Virden had appeared in court and filed his plea.

The evidence on behalf of appellant is in substance as follows: That the material was furnished to the Dixie Warehouse Company and/or C. F. Sherrod, Jr., to be used in a change or alteration of a warehouse so as to install therein and affix thereto certain motors, fans, pipes, conveyors, and other like connected machinery. In order to effect this alteration, it was necessary to remove part of the sides of the building, parts of the floors on the ground floor and on the second story, and construct pillars to support the building. The evidence further shows that the machinery in question was firmly and securely annexed to the building. In connection therewith there was also a lighting equipment. The major portion of this machinery seems to have been for the purpose of more adequately loading and unloading cotton seed into the building. It is shown that the floor for a space of six feet wide by five hundred feet long was torn out, and that, in order to restore the building to the condition it was in before the installation of this machinery, an expenditure of one thousand five hundred dollars would be required; that the building could not be used for any purpose, unless rebuilt; that where the fans and conveyors were placed would have to be rebuilt entirely, and the floor space would have to be filled in and

rebuilt. The effect of the change by the installation of the machinery in the building was to make it, as reflected by this record, a more adequate and modern storage warehouse for cotton seed.

The following record of conveyances was offered in evidence by the M. L. Virden Lumber Company: On October 1, 1928, M. L. Virden, individually, executed a warranty deed in favor of C. F. Sherrod, Jr., to the lot of land and warehouse described in the petition. On the same date C. F. Sherrod, Jr., executed to Farish, trustee, a deed of trust on the same property to secure the payment of nineteen notes, two thousand, five hundred dollars each, and one note for one thousand dollars, payable at intervals within ten years. On August 11, 1930, Ernest Kellner, as substituted trustee, foreclosed said trust deed and executed a trustee's deed to the property described to M. L. Virden, the mortgagee and purchaser at the sale. The petition in this case was filed subsequent to this trustee's sale and deed. The material furnished herein was in 1929 and prior to March, 1930.

The appellant, plaintiff in the court below, further offered in evidence the bill of sale executed by the Dixie Warehouse Company, dated July 11, 1930, signed by C. F. Sherrod, Jr., president, and H. J. Landry, secretary, of the Dixie Warehouse Company, conveying certain machinery described as being in this warehouse to C. F. Sherrod, Jr., and subsequent thereto C. F. Sherrod, Jr., conveyed the same machinery to the Federal Cotton Seed Storage Company by a bill of sale, acknowledged on the 31st day of July, 1930, and filed for record September 22, 1930, subsequent to the beginning of the suit herein. At the conclusion of the evidence for the plaintiff in the court below, the record shows that all parties rested their case, and that the M. L. Virden Lumber Company and the Federal Cotton Seed Storage Company each requested of the court a peremptory instruction, and thereupon the court granted the peremptory instruction requested by the M. L. Virden Lumber Company. Imme-

diately thereafter the Federal Cotton Seed Storage Company presented to the court orally and in writing its motion for a judgment non obstante veredicto, whereupon the court entered a judgment sustaining the motion for a judgment non obstante veredicto made on behalf of one of the defendants in the case, which judgment recited the granting of a peremptory instruction in favor of a plaintiff, and the verdict of the jury thereon to that effect, and the entry of the judgment non obstante veredicto dismissing the cause as in favor of the Federal Cotton Seed Storage Company and C. F. Sherrod, Jr. However, before this judgment was entered, C. F. Sherrod, Jr., had requested the court by motion to make up an issue as between him and the Federal Cotton Seed Storage Company, which motion had been overruled by the court before the entry of the judgment referred to.

From this judgment the M. L. Virden Lumber Company and M. L. Virden prosecute an appeal to this court.

The trial and disposition of this case in the court below was rather unique:

First. Under the common-law rule the pleading or motion non obstante veredicto was available only to the plaintiff in the action, and appears to have been sustained in this case despite the undisputed evidence. The common-law motion is unnecessary in this state where the verdicts are controlled in such a case by a peremptory instruction, but we will treat the case as though it had been disposed of in favor of the appellee upon his motion for a peremptory instruction. A lien in favor of materialmen for material furnished and used in connection with the altering and repairing of a house attached to the freehold is allowed by section 2258, Code 1930, and is enforced in the manner prescribed by sections 2262 and 2263, and the property may be ordered sold to pay the declared lien. Section 2282 authorized the filing of a lis pendens notice affecting the owner and all persons interested and who are bound thereby in the manner prescribed by the statute.

Second. The appellees contended in the court below, and urge here, that, because it was established that M. L. Virden had an existing paramount deed of trust on the freehold at the time the materials herein were furnished, and before the lien was sought to be enforced the mortgagee had secured a foreclosure thereof and become the purchaser thereby, the lien of the plaintiff in the court below was discharged and abrogated. The appellee, the Federal Cotton Seed Storage Company, by its pleading claimed a lien on the machinery and other fixtures attached to the building, and asserted no lien on the freehold; while M. L. Virden, the individual, asserted a lien on all the property involved as a part of the freehold by virtue of his prior deed of trust. The material was furnished to C. F. Sherrod, Jr., and the Dixie Warehouse Company. It is shown that at the time the suit was filed the Dixie Warehouse Company had no interest in the subject-matter of this suit.

This record discloses that the plaintiff in the court below established his lien upon the machinery and the freehold beyond a doubt. That fact is not controverted. It is also indubitably established that the fixtures are so annexed to the building as to become a part thereof, and that same could not be removed and disconnected therefrom without damage to the building, which was undoubtedly a part of the freehold. These fixtures appear to be a part of the motive power equipped and annexed to the building for the purpose of better storing and cleaning seed and lighting the building. Generally speaking, the rule is that personal property such as fixtures and machinery annexed to the building in a manner so as not to be capable of being removed without damage to the building becomes a part of the building and freehold. These fixtures were annexed by C. F. Sherrod, Jr., the mortgagor, and the Dixie Warehouse Company, his vendee, to the freehold subsequent to the execution and recordation of the deed of trust, and became subject thereto. On this record, therefore, Virden, individually,

had the paramount lien which ripened into ownership as against all the parties to this litigation at the time this suit was filed. See 26 C. J., p. 728, sec. 117. The rules governing this character of case in this state are brought forward and set forth in the case of Frederick v. Smith, 147 Miss. 437, 111 So. 847. These articles were not trade fixtures, and the case of American Laundry Machine Company v. Citizens' National Life Insurance Company, 107 Miss. 108, 65 So. 113, is not in conflict herewith. Therefore, in view of these statements, there is nothing in the record to show any interest whatever of the Federal Cotton Seed Storage Company in any part of the freehold involved in this litigation. Appellees' counsel, by their briefs, seem to take both positions, that the fixtures were part of the freehold and were not part of the freehold. In any event the evidence, undisputed in this record, gave it no standing in court.

Appellee insists that he is entitled to stand upon the weakness of the case made by the plaintiff in the court below as against the owner of the building, and that, because the evidence showed that Virden owned the building at the time the lien was sought to be enforced, no lien can be adjudged in favor of the plaintiff in the court below. It is elementary law that a plaintiff need not prove a fact which is admitted by the pleadings. The petition in this case alleged that the plaintiff had a valid materialman's lien on the described freehold. The owner and former mortgagee voluntarily came into court and did not deny this essential allegation of the petition, but, on the contrary, his pleading is a waiver in favor of the plaintiff of his paramount position, if such he had, and Virden, the individual, is bound thereby. His pleading is to the effect that he had notice of the materialman's lien before and while it was being incurred, and that he held all the property involved as a part of the freehold, subject to the rights of the plaintiff in the court below. This disposed of the case as to Virden. The plaintiff was entitled to a peremptory instruction. We are not

called upon here to decide whether or not another defendant in a pleading of this kind could avail himself of a defense in which he had no pecuniary or other interest that might be availed of by his codefendant; for, in this case, the plaintiff had established his lien and the amount of it, and, being undenied, he did not have to anticipate an issue with Virden, one of the defendants. The latter had joined issue with the Federal Cotton Seed Storage Company as to whether the fixtures were personal property or a part of the realty, and the latter declined to offer any evidence on that issue, and must stand now upon the evidence of the plaintiff in the case.

The cause must be reversed, and a judgment should be entered here awarding M. L. Virden Lumber Company a lien on the premises described in the petition for the amount of its debt with interest as against M. L. Virden, the owner, and the Federal Cotton Seed Storage Company.

Reversed, and judgment here for the appellant.