Love, Superintendent of Banks, *v.* Union Central Life Ins. Co.

(Division A. Dec. 4, 1933.)

[150 So. 794. No. 30819.]

Cooper & Thomas, of Indianola, **F. W. Bradshaw**, and Flowers, Brown & Hester, of Jackson, for appellant.

F. E. Everett, of Indianola, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

William E. Johnson and wife executed a deed of trust on a cotton plantation to the Union Central Life Insurance Company to secure an indebtedness by them to it. There was then on the plantation a fully equipped cotton gin; the gin stands being attached to the floor of the building in which they were situated by removable bolts and screws. This cotton gin was not specifically described in the deed of trust. Some time after the execution and recording of this deed of trust, another deed of trust on the plantation was executed by the Johnsons to the Sunflower Bank, of which there were several subsequent renewals. This deed of trust described the plantation generally, and specifically the cotton gin situated thereon.

The question presented for decision is whether the deed of trust to the Union Central Life Insurance Company covers the gin stands composing a part of the cotton gin thereon. The court below held that it does. If the gin stands are classed as fixtures, they are covered by the appellee's deed of trust. Whether an article or structure is a fixture, and therefore part of the realty to which it is annexed, is a question of fact determined primarily by the intention with which it was annexed. This intention usually is to be gathered from the circumstances surrounding the annexation and the interest in the realty of the person by whom the annexation was made. One sometimes controlling circumstance where the annexation was made by the owner of the realty is whether the article

was annexed for the more convenient and profitable use of the realty itself, for the general purpose for which a person making the annexation intended to use it. 26 C. J. 654; Tate v. Blackburne, 48 Miss. 1; Perkins v. Swank, 43 Miss. 349; Weathersby v. Sleeper, 42 Miss. 732; Richardson v. Borden, 42 Miss. 71, 2 Am. Rep. 595; American Laundry Machinery Co. v. Citizens' National Life Insurance Co., 107 Miss. 108, 65 So. 113; Boone v. Mendenhall Lumber Co., 97 Miss. 554, 52 So. 584.

The gin stands here in question were placed on the realty by the owner thereof for the purpose of ginning the cotton raised on the plantation; a convenience certainly, though, if the cotton could be ginned elsewhere, not absolutely a necessity for that purpose. The exact question here presented was decided in Richardson v. Borden, supra, wherein the court held the gin stands to be a part of the realty. That case is controlling here, even if we doubted its soundness, which we do not.

It appears from the agreed statement of facts that the gin was also used by the owner of the plantation for commercial purposes, that is, cotton belonging to others was ginned thereat, more of such cotton being ginned than was raised on the plantation. This fact alone does not change the rule. We are not confronted with a case wherein the owner of land operates a cotton gin thereon primarily for commercial purposes and uses it incidentally to gin a small amount of cotton raised on other land composing a part of the tract on which the gin is situated, for such is not the case here. We therefore express no opinion on what the rule in that character of case would be.

Affirmed.